NEWMAN *v.* THOMPSON, administratrix.

HOLDEN, J.   An administratrix brought suit against the son of her intestate, to recover money obtained by the son from his mother. It appeared that the money was transferred to the son by an instrument in writing executed September 17, 1903, by the mother and the son, which recited as a consideration love and affection and an obligation on the part of the son to support and care for the mother during the remainder of her life. It was charged that the mother was an aged person at the time and did not have sufficient mental capacity to make a contract, and that the money was obtained from her by undue influence exerted over her by the son. The plaintiff obtained a verdict, and the defendant excepted to the overruling of his motion for a new trial. *Held:*

1. The evidence offered by the plaintiff was sufficient to authorize the jury to find that at the time the intestate disposed of the money she was mentally incapable of making a valid disposition thereof; and the court committed no error in refusing to award a nonsuit at the conclusion of the plaintiff's evidence.

2. Where the court admitted evidence over the objection of the defendant, the latter could not complain that it was subsequently ruled out, it not appearing that the defendant withdrew such objection.

3. It was error to refuse to admit evidence, offered by the defendant, of a bail-trover suit instituted by the mother against the husband of the plaintiff, on November 28, 1903, to recover a deed made by a deceased son of the intestate to her, over objections of the plaintiff that the same was "immaterial, irrelevant, and not in rebuttal." Such evidence was at least admissible as conduct of the intestate illustrative of her mental condition at that time of the institution of such suit.

4. It was error for the court to refuse to admit evidence offered by the defendant, consisting of depositions of the intestate, given by her on June

21 and July 6, 1905, in pending cases to which the intestate was a party, which depositions appear to have been taken by consent of counsel in such cases before a commissioner. The answers to the interrogatories in such depositions would be admissible to illustrate the condition of the mind of the intestate at the time they were made.

5. The evidence was insufficient to show that the defendant, in obtaining the money sued for from his mother, had practiced on her any undue influence or other fraud, and it was error for the court to charge the jury upon this theory.

6. It was error for the court in its instructions to the jury to treat the disposition of the money by the intestate as a gift from her to the defendant.

7. Under the facts of this case, if the plaintiff was entitled to recover, she was entitled to recover interest from the date of the agreement between the intestate and her son, transferring to the latter the money sued for.

*Judgment reversed. All the Justices concur.*

FEBRUARY 24, 1910.

Equitable petition. Before Judge Edwards. Haralson superior court. December 6, 1908.

*J. M. & H. J. McBride,* for plaintiff in error.

*Griffith, Weatherly & Matthews* and *M. J. Head,* contra.