### 25655. BEATTY v. THE STATE.

BROYLES, C. J. 1. It is well settled by numerous rulings of the Supreme Court and of this court that the law of voluntary manslaughter may properly be given in charge to the jury on the trial of one indicted for murder, where, from the evidence or from the defendant's statement to the jury, there is *anything deducible* which would *tend* to show that he was guilty of voluntary manslaughter, or which would be sufficient to raise a *doubt* as to whether the homicide was murder or voluntary manslaughter. *Reeves* v. *State*, 22 *Ga. App.* 629 (97 S. E. 115). It is likewise well settled that it is the prerogative of the jury to accept the defendant's statement as a whole, or to reject it as a whole, to believe it in part or disbelieve it in part. In the exercise of this discretion they are unlimited. *Brown* v. *State*, 10 *Ga. App.* 50, 54, 55 (72 S. E. 537); *May* v. *State*, 24 *Ga. App.* 379, 382 (100 S. E. 797). Under the foregoing rulings and the facts of the instant case, the court did not err in charging the law of voluntary manslaughter, or in charging on the subject of a mutual intent to fight.

2. The verdict was authorized by the evidence, and the refusal to grant a new trial was not error.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED SEPTEMBER 25, 1936.

*A. H. Gray,* for plaintiff in error.
*R. A. Patterson, solicitor-general, Hooper & Hooper,* contra.