32855.  DAWSON *v.* GENERAL DISCOUNT CORP.

DECIDED JUNE 20, 1950.  REHEARING DENIED JULY 14, 1950.

30

*W. T. Maddox, Maddox & Maddox*, for plaintiff in error.
*Matthews, Owen & Maddox*, contra.

TOWNSEND, J. (After stating the foregoing facts.)

■ It is noted that there is no dispute as to any of the evidence in this case, and the special grounds of the motion for a new trial deal mainly with the admissibility and effect of the documentary evidence. Special ground 1 contends that, since it affirmatively appears that the retention-title contract was executed in duplicate, and since only one copy thereof was surrendered in court, there could be no judgment for the plaintiff. It further contends that there was no valid assignment of the note in question, for which reason the tender of the same by General Discount Corporation was ineffective. Special ground 2 contends that the trial court improperly admitted the oral testimony of the plaintiff's witness that the retention-title contract had been duly transferred to it, on the ground that the instrument was the best evidence of the assignment. These grounds are treated together, for if the assignment of the instruments was not proved the plaintiff would not have made out its case.

The note was order paper. It was apparently improperly assigned to the plaintiff by "Bessemer Flying Service, by M. H. Dunlavy Jr., owner" when it should have been assigned by "Dunlavy Flying Service, by M. H. Dunlavy Jr." Dunlavy, according to the testimony, was operating as Dunlavy Flying Service. He was also, according to his signature on the note, the owner of Bessemer Flying Service. Therefore he would, in any future court proceeding, be bound by his own personal signatures on the documents in question, whether in one trade name or in another. In *American Fidelity & Cas. Co.* v. *Farmer,* 77 *Ga. App.* 166 (48 S. E. 2d, 122), it is held as follows: "Whether the individual defendant is transacting business under one trade name or another is immaterial, where he is individually served with process directed against him." Neither the words "Bessemer Flying Service" nor "Dunlavy Flying Service" import an individual or corporate entity, and the signatures must be taken as the individual acts of Dunlavy operating under one or another trade name. This being the case, the assignment was valid, especially so when accompanied by delivery. Possession of a negotiable instrument is presumptive evidence of title. *Culpepper* v. *Culpepper,* 18 *Ga. App.* 182 (89 S. E. 161) ; Code § 14-420. The instrument bearing the signature of Dunlavy and being in

possession of the plaintiff and by it surrendered into court was sufficient, both to show title in the plaintiff, and to account for the instrument. It is of course true that a vendor in a trover action who has purchase-money notes or a reservation of title must surrender these instruments or sufficiently account for them, so that the vendee will incur no further risk of liability thereon. *Smith* v. *Commercial Credit Co.*, 28 *Ga. App.* 404 (4) (111 S. E. 821). Where it is shown that the plaintiff is the owner of the documents, and that all of the indebtedness is past due, it becomes obvious that no other person could enforce any liability on such instruments. *Securities Trust Co.* v. *Marshall*, 30 *Ga. App.* 381 (7) (118 S. E. 478). Consequently, although the duplicate original of the retention-title contract was not surrendered into court along with the other original, and the note, which were in the plaintiff's possession, it was sufficiently accounted for by testimony of the witness that it was on file with the Civil Aeronautics Administration, and by the certificate attached to the certified copy thereof reciting that the original was on file in that office, which certificate was signed by the chief of the Aircraft Records Section. This was a sufficient accounting for the documents to insure the defendant against any further liability thereon. The documents themselves being proof of the assignment of all interest in the note and retention-title contract to the plaintiff, the testimony of the plaintiff's witness that the documents had been so assigned, although not the best evidence, was harmless to the defendant. See *Central of Ga. Ry. Co.* v. *Butler Marble & Granite Co.*, 8 *Ga. App.* 2 (8-a) (68 S. E. 775). Special grounds 1 and 2 of the amended motion for a new trial are therefore without merit.

■ Special ground 3 of the amended motion for a new trial assigns error on the admission into evidence of the original retention-title contract on the ground that there is no proof of the execution thereof. Special ground 4 assigns error on the admission of the certified copy of the duplicate original because (1) there is no proof of execution; (2) it is not properly witnessed, and (3) it is not the best evidence. As hereinbefore pointed out, the original retention-of-title contract was recorded in Floyd County and introduced in evidence in this case. The duplicate original was sent to the Civil Aeronautics Authority in Wash-

ington and recorded there and remained there on file. A certified copy of that instrument which was identical in every respect with the original recorded in Floyd County and introduced in evidence was also introduced in evidence, and these special grounds of the amended motion for a new trial deal with objections to their having been introduced in evidence.

These documents of course bear the signatures of two parties strangers to this action, and the signature and notarial seal of W. Clarence Hair, Notary Public, Sullivan County, Tenn. The original bore the record of its recordation in Floyd Superior Court, and was therefore admissible without further proof of execution. See Code §§ 67-110; 29-415; *Charles* v. *Valdosta Foundry & Machine Co.*, 4 *Ga. App.* 733, 740 (62 S. E. 493). For the same reason, the objection to the certified copy of the duplicate original on the ground that there was no proof of execution is also without merit, since there is no contention that the two documents are not in fact identical and bear the signatures of the same persons, and were executed at the same time for the same purpose. They must for this purpose be considered as one and the same instrument, so that the admissibility of one necessarily controls the admissibility of its twin, providing, of course, that some reason appears why it should be necessary to introduce both.

The second objection to the certified copy of the original contract on file in Washington, on the ground that it is not properly signed and witnessed in accordance with the Acts of Congress, does not appear well taken. Subsection (e) Section 523, Title 49, U.S.C.A., provides as follows: "No conveyance or other instrument shall be recorded unless it shall have been acknowledged before a notary public or other officer authorized by the law of the United States, or of a state, territory, or possession thereof, or District of Columbia, to take acknowledgment of deeds." The contract is witnessed by W. Clarence Hair, Notary Public, Sullivan County, Tenn. There is the imprint of a notarial seal. It is true that no law of the State of Tennessee was introduced as proof that a notary public may attest deeds in that State. Nevertheless, the certificate of the proper official of the Civil Aeronautics Authority, which is in turn attested by the certificate of the clerk under the seal of the Department

of Commerce, states that it was admitted to record. The clerk certifies that full faith and credit should be given this certification. The seal of the Department of Commerce is one which this court judicially recognizes. Code § 38-112. The certificate is therefore in proper form, it shows that the document was admitted to record, and in the absence of direct proof that its admission to record in the office of the Civil Aeronautics Authority was improper this court will not presume there was any irregularity in such recordation.

The third objection to the certified copy was on the ground that it was not the highest and best evidence. It was not admitted in evidence to show the terms of the retention-title contract, because this had already been proved by the original in the possession of the plaintiff. It was admitted for the purposes (1) of accounting for the original on file in the office of the Civil Aeronautics Administration, and (2) to show by the certificate thereon that it had in fact been recorded in that office on October 30, 1946. For these purposes it constituted primary evidence, and the trial court did not err in admitting it. Special grounds 3 and 4 are without merit.

■ Special ground 5 complains of the direction of a verdict for the plaintiff, and will be considered in connection with the general grounds of the motion for a new trial. It is apparent from the undisputed evidence that at the time the defendant bought the aircraft from Clevenger, the note and retention-title contract had already been assigned to the plaintiff and recorded with the Civil Aeronautics Authority. Granting that the defendant had no actual notice or knowledge of the paramount outstanding title and the debt secured by it, the right of the plaintiff to recover the property or the money owed depends upon whether the plaintiff had, by recording the retention-title contract in question, given constructive notice of his title by which the defendant and all the world were bound. Such notice, as to mortgages and conditional-sales contracts in Georgia, is given by recording the instrument under the provisions of Code § 67-108. Under Federal law (49 U.S.C.A., Sec 523-b) it is given as follows: "No conveyance made or given on or after the effective date of this section, which affects the title to, or interest in, any civil aircraft of the United States, or any portion

thereof, shall be valid in respect of such aircraft or portion thereof against any person other than the person by whom the conveyance is made or given, his heir or devisees, and any person having actual notice thereof, until such conveyance is recorded in the office of the secretary of the board. Every such conveyance so recorded in the office of the secretary of the board shall be valid as to all persons without further recordation. Any instrument, recordation of which is required by the provisions of this section, shall take effect from the date of its recordation, and not from the date of its execution." In *Blalock* v. *Brown,* 78 *Ga. App.* 537, 541 (51 S. E. 2d, 610), the following is quoted with approval from In re Veterans' Air Express Co. Inc., 76 Fed. Supp. 684: " 'It is clear that the Congress has prescribed the only way in which aircraft may be transferred and in which liens upon aircraft may be duly recorded. In this manner, all persons dealing with aircraft are upon full legal notice concerning possible liens and are charged with the duty of inquiry at the central recording office of the Civil Aeronautics Administration with respect to any aircraft in which they might be concerned.' " It is there held that, regardless of the fact that the aircraft is used only in intrastate commerce, the necessities of air navigation are such as to render Federal control thereof justifiable. In consequence, and regardless of the fact that in the present case it appears that constructive notice was also given by the plaintiff through its act in recording the conditional-sale contract in Floyd Superior Court within six months of the time the property was turned over to the defendant in this State, constructive notice was given by the recording of the instrument with the Civil Aeronautics Authority under the provisions of Title 49, U.S.C.A., which provides that every conveyance so recorded shall be valid as to all persons. No further act was required of the plaintiff to protect his rights. The defendant, before purchasing, had the opportunity to ascertain the paramount outstanding title by checking the records of the Civil Aeronautics Authority. This being so, his title to the aircraft was inferior to that of the plaintiff, and a verdict for the plaintiff in the trover action was demanded.

The trial court did not err in overruling the motion for a new trial as amended.

*Judgment affirmed.* *MacIntyre, P.J.* and *Gardner, J.* *concur.*