111 Ga. App. 792 (1965)
143 S.E.2d 420
WADE FORD, INC.
v.
PERRIN et al.
41252.
Court of Appeals of Georgia.
Argued April 5, 1965.
Decided May 19, 1965.
Rehearing Denied June 10, 1965.
Gambrell, Harlan, Russell & Moye, E. Smythe Gambrell, John W. Chambers, John K. Train, III, for plaintiff in error.
Alton T. Milam, J. Boykin Drew, James B. Drew, Jr., contra.
FELTON, Chief Judge.
1. "Where a vendee is induced to enter into a contract for the sale of personalty by the fraud of the vendor, when the former discovers the fraud he has an election of remedies. One of such remedies is to rescind the contract, and another is to affirm the contract and sue for damages for the fraud." Walters v. Hagan, 53 Ga. App. 547, 550 (1) (186 SE 563), and cases cited. Both actions are in tort and at law.
2. Where the contract is affirmed and an action for damages for the fraud is instituted, an allegation of constructive knowledge is sufficient where the petition alleges that there was constructive knowledge of a defect represented not to exist and that the representation that the defect did not exist was made with the intention of deceiving the vendee. Aderhold v. Zimmer, 86 Ga. App. 204, 205 (71 SE2d 270); Code § 105-302.
3. The above authorities answer all of the questions argued by the plaintiff in error and answer all of the questions submitted, which are: (1) In an action for fraud and deceit is actual knowledge of the falsity of a misrepresentation necessary? No. (2) Where a petition alleged only constructive knowledge of the falsity of the alleged misrepresentation on the part of the defendant, is a cause of action for fraud and deceit alleged? Yes. (3) In such circumstances does the vendee have *793 to rescind the contract and place the vendor in statu quo before he can bring an action for fraud and deceit to recover damages for the fraud? No. (4) Does the Civil Court of Fulton County have equity jurisdiction so as to be able to rescind a contract? It does not, but an action for fraud and deceit in either remedy is not an equity, but a pure law, case.
The above answers cover all the questions argued and determine that the court erred neither in overruling the demurrers to the petition, nor in overruling the motion for a new trial, nor in overruling the motion for a judgment n.o.v., as the petition was good as against the demurrers argued and the sharply conflicting evidence authorized the verdict for the plaintiff.
Judgment affirmed. Jordan and Russell, JJ., concur.