41917. REESE v. THE STATE.

SUBMITTED APRIL 5, 1966—DECIDED APRIL 14, 1966—
REHEARING DENIED APRIL 25, 1966.

*Casey Thigpen,* for appellant.

DEEN, Judge. Knowledge that the goods in question were

stolen is an essential element of the crime of receiving stolen goods. *Sampson v. State,* 60 Ga. App. 512 (4 SE2d 290). It may, however, be inferred from circumstances which would lead a reasonable person to believe that the goods found in his possession were in fact stolen. *Birdsong v. State,* 120 Ga. 850 (48 SE 329). In assessing the defendant's unsworn statement, the jury may believe it in part and disbelieve it in part (*Beatty v. State,* 54 Ga. App. 280 (1) (187 SE 686)). The evidence here demanded a finding that the feed which the defendant was hauling in her car was stolen by Nelson. The evidence as to guilty knowledge is circumstantial, but reveals that she was worried about chicken feed being found in her car and that she had protested hauling any *more stuff.* The defense raised was merely that the defendant did not know the stolen grain was in the car, but from all the circumstances of the case, including her statement showing knowledge of prior illegal transactions in which she was involved with her husband and Nelson, indubitably, the jury was at liberty to disbelieve the explanation offered.

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*