## 44137. KIRKLAND et al. v. CHRYSLER CREDIT CORPORATION.

HALL, Judge. The plaintiff filed a complaint alleging that the defendant was in default in payment under a contract for the sale of an automobile and the plaintiff had elected to declare the balance due and was entitled to possession of the property under the security provisions of the contract, attaching a copy of it to the petition. The petition alleged it was brought to recover possession of the property, and the plaintiff ultimately filed a pleading alleging that it elected to accept a money verdict. The defendants filed an answer and counterclaim. The defendants appeal from the judgment granting the plaintiff's motion for summary judgment and from the denial of the defendants' motion for summary judgment. It appears from the record that the parties agreed as to the amount of the unpaid balance on the contract; and that the defendants did not dispute that the payment due March 8, 1968, had not been made when this action was filed on March 31, 1968.

1. The defendants contend and cite cases holding that when the defendant in a trover action is in possession of the property which he acquired lawfully the plaintiff to prove a conversion must show a demand and refusal by the defendant to deliver the property. Though the evidence may have presented an issue whether there was a demand, it was not necessary to prove a demand in this case. It has been held that when the defendant's pleadings deny the plaintiff's right of possession, it appears that a demand would have been useless and "this being true, no demand was necessary." *C. I. T. Corp. v. Smith,* 56 Ga. App. 544, 548 (193 SE 261).

2. As between the original purchaser and seller the agreed contract price is prima facie evidence of actual value and in a trover action is sufficient, in the absence of evidence to the contrary, to prove the value of the property. *Young v. Durham,* 15 Ga. App. 678 (84 SE 165). And in a trover action a plaintiff holding title to personal property as security for a loan can recover no more than the indebtedness remaining due at the time of trial. "If the property is worth more than the amount of the judgment (. . . based on the balance due on the note) the defendant is not hurt,"

but if the value of the property is less than the balance due the plaintiff can recover no more than the value. *Robbins v. Welfare Finance Corp.*, 95 Ga. App. 90, 94 (96 SE2d 892). Since the defendants' pleadings alleged the property was worth $4,000 and the verdict was $3,468.74, the agreed unpaid balance on the contract, the defendants cannot complain of the amount of the judgment.

3. The defendants contend that the plaintiff is not entitled to a judgment because it did not surrender the contract and notes to the defendants. Decisions of the Georgia appellate courts hold that when a vendor holding purchase-money notes or a reservation of title recovers in a trover action he must surrender these instruments or sufficiently account for them, so that the vendee will incur no further risk of liability thereon. *Moultrie Repair Co. v. Hill*, 120 Ga. 730 (48 SE 143); *Smith v. C. I. T. Corp.*, 186 Ga. 199 (197 SE 322) modifying decision in *C. I. T. Corp. v. Smith*, 56 Ga. App. 544, 550; *Kalas v. Fay*, 31 Ga. App. 109 (120 SE 28); *Dawson v. General Discount Corp.*, 82 Ga. App. 29, 32 (60 SE2d 653). For this reason, the summary judgment for the plaintiff will be affirmed only upon the condition that the plaintiff, if it has not done so, surrender or tender the contract and security instrument to the defendants.

4. The record reveals that the defendants conceded in the trial court that in the event the plaintiff should prevail on its motion for summary judgment the defendants could not prevail on their motion for summary judgment.

The judgment denying the defendants' motion for summary judgment is, therefore, affirmed.

*Judgment granting summary judgment for the plaintiff is affirmed on the condition stated in Division 3; otherwise reversed. Jordan, P. J., and Whitman, J., concur.*

SUBMITTED JANUARY 13, 1969—DECIDED MAY 21, 1969—
REHEARING DENIED JUNE 2, 1969—

*D. D. Veal*, for appellants.
*Buford E. Hancock*, for appellee.