## 44978. CRAFT v. THE STATE.

DEEN, Judge. 1. "Upon proof alone of recent possession of stolen goods, the law does not put the burden upon the possessor of the stolen goods of proving that he was not guilty of receiving the goods knowingly." *Bird v. State,* 72 Ga. App. 843 (4) (35 SE2d 483), and see *Barron v. State,* 109 Ga. App. 786 (137 SE2d 690).

2. "The guilty knowledge of the receiver, being in most cases not susceptible of direct proof, may be shown by circumstantial evidence, and if from all of the circumstances 'the jury can conclude that the receiver did have good reason, as a reasonable person, to believe or suspect that the goods were stolen, they may well conclude, if he did not inquire and investigate before he received them, that he had knowledge, such as the law will charge him with, of the character of the goods and of the person from whom he received, as one who had stolen them.' *Cobb v. State,* 76 Ga. 664, 666." *Brooks v. State,* 98 Ga. App. 13, 15 (104 SE2d 620). See also *Reese v. State,* 113 Ga. App. 525 (149 SE2d 156).

3. The defendant was acquitted of the offense of burglary and convicted of receiving stolen goods. The evidence shows that a service station was burglarized and 8 tires stolen between 9 p.m. and 7 of the morning of December 28; that a call was received by the police that men were unloading tires from a truck and carrying them into a "vacant" residence; that a police officer was stationed in the house shortly after noon of the same day and surveillance continued until about 7 p.m., at which time it was dark; that the defendant then ascended the back steps of the house leading to the second floor, raised a window and entered, went down the inside steps to the first floor and opened the front door to a man who had arrived in the car with him; showed that man two tires which were located on the ground floor and heard the latter say, "I can't use this tire, it is a 15-inch." At that time he called to them; the men started to run but stopped when he called that if they ran he would shoot. One of the tires was still wrapped in paper which bore the address of the service station which had been burglarized. At least one of the tires was positively identified by the owner. From all the evidence the jury was authorized to conclude that the tires in question were stolen from the named service station; that the defendant exercised dominion over them by offering them to a third person, and that from all the other circumstances, including his manner of entry into the house, his attempt at flight and his failure to account for the absence of witnesses by whose permission he claimed to have entry, as well as the immediacy of the attempted disposition of the property after the theft and the testimony as to flight the defendant knew that the property was stolen. See *Washington v. State*, 96 Ga. App. 844 (101 SE2d 885).

4. In order to sustain a conviction for burglary, larceny, or possession of stolen goods, the State must prove that the property stolen corresponds with the description in the indictment, although such description may have been unnecessarily minute. *McLendon v. State*, 121 Ga. 158 (48 SE 902). The indictment here charges the theft of "8 new automobile tires, 4-G-70-14 multi fiber, glass wide oval, red and white, and two recap tires, 4-G-70-14 Amoco Super 120 Red & White wide ovals." From the record we can tell only that one of the tires was a 15-inch, Pure, diamond tread, white sidewalls, Plycron (these words may refer to the same tire or to

two different tires). We cannot, however, take judicial notice that any part of the number of "4-G-70-14" refers to a 14-inch tire. The record shows that the tires were in the courtroom and were examined by the witness at the time of the identification, and that no objection was made on the ground that they differed in fact from the description in the indictment. We cannot say from the record before us that this is so.

5. Although counsel in his brief contends that there was error in the charge, this is not enumerated as error and cannot be considered here. *Calhoun v. Patrick*, 116 Ga. App. 303 (157 SE2d 31).

*Judgment affirmed. Hall, P. J., and Evans, J., concur.*

SUBMITTED JANUARY 12, 1970—DECIDED JANUARY 28, 1970.

*Charles T. Erion, Robert D. Peckham,* for appellant.