## 51058. ROMEDY v. WILLETT LINCOLN-MERCURY, INC.

STOLZ, Judge.

1. As to Count 1 of this action by the plaintiff buyer against the defendant automobile dealer, which sought damages, based upon an alleged breach of contract, for the difference between the values of the automobile purchased as actually equipped when delivered and as allegedly misrepresented by the defendant seller to have been equipped, the trial judge did not err in directing a verdict in favor of the defendant seller where the evidence showed that the plaintiff buyer, although having an opportunity to do so, failed to inspect the automobile for 4 to 5 days after delivery, failed to notify the defendant seller of the alleged breach for 3 weeks thereafter, and continued to make payments with knowledge of the defects, thereby failing to comply with the requirement of Code Ann. § 109A-2—607 (3) (a) (Ga. L. 1962, pp. 156, 215) that "the buyer must *within a reasonable time* after he discovers *or should have discovered* any breach notify the seller of breach or be barred from *any* remedy." (Emphases supplied.) See *Coast Scopitone, Inc. v. Self,* 127 Ga. App. 124, 127 (3) (192 SE2d 513) and cits.

2. "The five elements of fraud and deceit in Georgia are: (1) false representation made by the defendant; (2)

scienter; (3) an intention to induce the plaintiff to act or refrain from acting in reliance by the plaintiff; (4) justifiable reliance by the plaintiff; (5) damage to the plaintiff." *City Dodge v. Gardner,* 232 Ga. 766, 769 (Fn.) (208 SE2d 794) and cit. The evidence failed to prove at least three of the above listed elements, i.e., scienter, justifiable reliance and damage; therefore, the direction of the verdict as to the second count, based on fraudulent misrepresentations, was not error.

*Judgment affirmed. Deen, P. J., and Evans, J., concur.*

ARGUED SEPTEMBER 9, 1975 — DECIDED OCTOBER 7, 1975.

*James W. Lewis,* for appellant.

*Gambrell, Russell, Killorin & Forbes, Douglas Campbell,* for appellee.