STATE OF WEST VIRGINIA

*v.*

HARRY LACY

(No. 13665)

Decided March 1, 1977.

*Boettner & Campbell, Gregory L. Campbell* for plaintiff in error.

*Chauncey H. Browning*, Attorney General, *John L. MacCorkle*, Assistant Attorney General, for defendant in error.

McGRAW, JUSTICE:

This action is before the Court on a writ of error to the Circuit Court of Kanawha County for review of the trial court's final judgment order of March 21, 1975, sentencing defendant to serve an indeterminate term of from one to five years in the West Virginia Penitentiary, and to pay a fine of $15,000 on his jury verdict conviction on an indictment charging him with the crime of delivery of a controlled substance, lysergic acid diethyl-

amide, under the state's uniform controlled substances act, *W. Va. Code*, 60A-1-101 *et seq.*

While eight assignments of error are set out in defendant's petition for a writ of error, the one basic error assigned is that the trial court erred in denying defendant's several motions to dismiss the indictment pursuant to *W. Va. Code*, 62-3-21, which provides:

> "Every person charged by presentment or indictment with a felony or misdemeanor, and remanded to a court of competent jurisdiction for trial, shall be forever discharged from prosecution for the offense, if there be three regular terms of such court, after the presentment is made or the indictment is found against him, without a trial, unless the failure to try him was caused by his insanity; or by the witnesses for the State being enticed or kept away, or prevented from attending by sickness or inevitable accident; or by a continuance granted on the motion of the accused; or by reason of his escaping from jail, or failing to appear according to his recognizance, or of the inability of the jury to agree in their verdict; and every person charged with a misdemeanor before a justice of the peace, city police judge, or any other inferior tribunal, and who has therein been found guilty and has appealed his conviction of guilt and sentence to a court of record, shall be forever discharged from further prosecution for the offense set forth in the warrant against him, if after his having appealed such conviction and sentence, there be three regular terms of such court without a trial, unless the failure to try him was for one of the causes hereinabove set forth relating to proceedings on indictment."

Defendant's position is that the three term rule stated in the statute applies to his case and that he has been denied a speedy trial under the statute and as guaranteed under provisions of the *West Virginia Constitution,* Article III, Section 14, and the *United States Constitution,* Amendment VI.

The State's position is that the trial court committed no error and that defendant has been accorded a speedy trial consistent with the statute and the constitutional requirements.

At the time of the proceedings in this action in the Intermediate Court of Kanawha County, the trial court held four terms of court each year—commencing on the second Monday of January, the second Monday of April, the third Monday of June, and the fourth Monday of September. Chapter 209, Acts of the West Virginia Legislature, Regular Session of 1951.

The record discloses defendant was indicted in the September, 1973 term of court. The indictment was returned on October 5, 1973.

No trial proceedings for defendant are indicated during the January, 1974 term of court.

The April, 1974 term commenced on April 8, 1974. On April 16, 1974, a *capias* was issued for defendant's arrest. On May 24, 1974, defendant appeared in court with his attorney and was released on bond. The *capias* was withdrawn. The June, 1974 term of court commenced on June 17, 1974. By order of June 24, 1974, defendant's case was set for trial on August 9, 1974. On June 28, 1974, defendant's attorneys asked to be allowed to withdraw as counsel since defendant was unable to secure funds for counsel fees. The court granted the request. On July 29, 1974, defendant filed his affidavit that he was financially unable to employ counsel. On August 2, 1974, the court appointed new counsel to represent defendant at his trial then set for August 9, 1974. On the morning of that day, August 9, 1974, defendant's court appointed attorney filed a motion to dismiss the indictment, a demurrer, a plea in abatement, motion to quash, motion for a bill of particulars, motion to produce criminal investigation report, motion to produce transcript and minutes of grand jury, and permit inspection thereof and another motion to dismiss on additional grounds. The State's responses to the several pleas were filed on September 12, 1974. Arguments were heard on the pleas

and the court's disposition thereon was made on September 19, 1974, in an order setting the trial on October 29, 1974. An order recites that the parties appeared in court on October 29, 1974 when the State moved for a continuance of the cause until the January, 1974 term of court. The continuance was granted, with the order shown to have been entered on December 19, 1974.*

On January 28, 1975, counsel for defendant filed a motion to dismiss the indictment on the "ground that the State has failed to bring the defendant to trial within the three terms of court as required by Chapter 62, Article 3, Section 21 of the *West Virginia Code.*" By order entered on January 30, 1975, the court denied the motion to dismiss the indictment and set the trial for that date, January 30, 1975. The trial was commenced on that day and continued the following day when the jury returned a verdict of guilty. The order thereon was entered February 28, 1975. By order entered March 20, 1975, defendant's motions to set the verdict aside and to grant a new trial were denied. Now before this Court for review is the trial court's judgment order of March 21, 1975, imposing sentence on defendant.

The primary and controlling issue for decision is whether the defendant was accorded a speedy trial as provided by *W. Va. Code,* 62-3-21, and by provisions of the *West Virginia and United States Constitutions.*

---

* As noted above, this prosecution was commenced in the Intermediate Court of Kanawha County, a statutory court of general criminal jurisdiction. The Judicial Reorganization Amendment to the W. Va. Constitution was adopted by the state's voters at the November 5, 1974, general election. On that date the Intermediate Court, by the amendment to the constitution, became a Circuit Court of Kanawha County. *State ex rel. Casey v. Pauley,* ___ W. Va. ___, 210 S.E.2d 649 (1974). The State's motion for continuance of this criminal action until the January, 1975 term of court was made on October 29, 1974 in the Intermediate Court, when the proceedings were apparently had, but the order was not entered until Decemer 19, 1974, when the Intermediate Court had become a Circuit Court of Kanawha County. This transition is mentioned for clarity, but has no particular significance with reference to the controlling application of the three-term rule in *W. Va. Code,* 62-3-21.

In *State ex rel. Stines v. Locke,* _____ W. Va. _____, 220 S.E.2d 443, 446 (1975), this Court observed:

> "This Court subscribes to the view that it is the duty of the prosecution to provide a trial without unreasonable delay rather than the duty of the accused to demand a speedy trial."

Defendant was indicted at the September, 1973 term of court. The record shows no trial proceedings for defendant at the January, 1974 term of court. During the April, 1974 term of court, a *capias* was issued for defendant's arrest, defendant was released on bond, and the *capias* was withdrawn. At the June, 1974 term of court, defendant's trial was set for August 9, 1974. In the interim, defendant's employed counsel were allowed to withdraw since defendant could not find funds for attorney fees and the court appointed new counsel on August 2, 1974, one week before the trial date. On the trial date, counsel filed the several defense pleadings to which the State responded on September 12, 1974. The court's order of September 19, 1974, reset the trial for October 29, 1974, and by the court's order entered December 19, 1974, the case was continued to the January, 1975 term of court. By the court's order entered January 30, 1975, the trial was set for and was commenced on January 30, 1975.

Amendment VI to the *United States Constitution* assures that an accused in criminal proceedings "shall enjoy the right to a speedy and public trial." The *West Virginia Constitution,* Art. III, Sec. 14, assures trials of crime shall be "without unreasonable delay." The West Virginia statute, *W. Va. Code,* 62-3-21, as above quoted, implements these constitutional guarantees. In *State ex rel. Smith and Brooks v. DeBerry,* 146 W. Va. 534, 538, 120 S.E.2d 504 (1961), this Court observed:

> "As often pointed out by this Court, the purpose of the pertinent statute is to assure a defendant a speedy trial. It is the legislative adoption or declaration of what, ordinarily, at least, constitutes a speedy trial within the meaning of Article III, Section 14 of the State Constitution,

and of the Sixth Amendment to the Federal Constitution, and, of course, for the purpose intended should be liberally construed."

The speedy trial provision of Amendment VI of the United States Constitution is made applicable to the states through the Fourteenth Amendment due process provisions. *Klopfer v. North Carolina*, 386 U.S. 213 (1967).

The statute language relating to the three terms of court is explained in point one of the syllabus in *State ex rel. Spadafore v. Fox*, 155 W. Va. 674, 186 S.E.2d 833 (1972), as follows:

"Under the provisions of Code, 62-3-21, as amended, the three unexcused regular terms of court that must pass before an accused can be discharged from further prosecution are regular terms occurring subsequent to the ending of the term at which the indictment was returned. The term at which the indictment was returned can not be counted as one of the three terms."

The proceedings in this action were commenced in the Intermediate Court of Kanawha County, then a court of record with general criminal jurisdiction. *West Virginia Constitution*, Article VIII, Section 19. Section 11 of Chapter 209, Acts of the West Virginia Legislature, Regular Session of 1951, established the terms of that court in the following language:

"There shall be four terms of said court held in each year, commencing on the second Monday in January, the second Monday in April, the third Monday in June and the fourth Monday in September. Adjourned and special terms of said court may be called and held as provided for special and adjourned terms of the circuit court."

During the calendar year 1974, the four terms of the Intermediate Court commenced on January 14, April 8, June 17, and September 23. The September term of the trial court in 1973, at which the indictment was re-

turned, is not to be counted in the three terms count under *W. Va. Code,* 62-3-21.

"When an indictment or presentment is found or made, the court shall award process against the accused to answer to the same, if he be not in custody. Such process, if the prosecution be for a felony, shall be a capias ..." *W. Va. Code,* 62-2-13. Defendant was not in custody when indicted on October 5, 1973, on a felony offense, but the record shows he was within the jurisdiction of the court. No *capias* for his arrest was issued until April 16, 1974, but he was not then arrested. On May 24, 1974, defendant appeared in court with his attorney and was released on bond. Inordinate delay in the issuance and execution of the *capias* following return of an indictment is not comtemplated by the statute. *W. Va. Code,* 62-2-13; is inconsistent with the speedy trial requirements of the federal and state constitutions and the West Virginia statute, *W. Va. Code,* 62-3-21; and, except for good cause shown, cannot be tolerated in the administration of criminal justice.

Defendant was not brought to trial during the January or April, 1974 terms of court. His trial was later set for August 9, 1974, reset for October 29, 1974, continued to the January, 1975 terms, and on January 30, 1975 was reset for that date in the Circuit Court of Kanawha County. The continuance to the January, 1975 term was on the State's motion, without objection noted by the defense and without defense counsel's initial or signature on the court's order of December 9, 1974, indicating inspection or approval thereof.

A careful examination of the record clearly supports defendant's position that, through no action, fault or failure on his part, he was not brought to trial during the January, April or September terms of court, and that, under the provisions of *W. Va. Code,* 62-3-21, as above quoted, he "shall be forever discharged from prosecution for the offense." As held by the Court, in point 1 of the syllabus in *State ex rel. Parsons v. Cuppett,* 155 W. Va. 469, 184 S.E.2d 616 (1971):

"One charged with a crime is entitled to be forever discharged from prosecution upon such charge, if he is not tried within three regular terms of court after the term in which the indictment is found against him, unless the failure to try is excused for one of the reasons contained in Code, 62-3-21, as amended."

It becomes unnecessary to decide whether the State or the defendant was responsible for the failure to bring defendant to trial during the June, 1974 term of court. Changes in defense counsel and the filing of defense motions caused some delays during the June term. But, as stated by the Court in *State ex rel. Parsons v. Cuppett, supra,* Syllabus, point 3:

"The state cannot excuse its failure to try a person accused of a crime within three terms following the term in which the indictment was found on the ground that various preliminary motions had not been passed upon by the court when there was ample time for a ruling on these motions prior to the third term following such indictment."

The judgment of the Circuit Court of Kanawha County, entered in this action on March 21, 1975 is reversed, the verdict of the jury is set aside, and the defendant, Harry Lacy, is ordered released and is forever discharged from prosecution on the charge contained in the indictment herein.

*Judgment reversed;*
*verdict set aside;*
*defendant released and*
*discharged.*