54049. STROTHER FORD, INC. et al. v. BULLOCK.

SHULMAN, Judge.

A jury found in favor of appellee plaintiff on a suit sounding in tort for fraudulent misrepresentation and tortious misconduct. This appeal follows the denial of a motion for a new trial.

1. The appellant asserts that the court erred in refusing to grant its motion for directed verdict as to the issue of fraudulent misrepresentation.

The evidence presented most favorably for appellee showed that appellee contracted to purchase a new 1975 Ford Mustang from appellant, that before signing the contract appellant asked to view the car but was not

allowed to do so, and that shortly after signing the contract the appellant received the car in poor condition — the car smelled of burning rubber, the rear wheel wobbled, and the master brake cylinder was damaged and malfunctioning. The new vehicle was titled in appellee's name. When the car was subsequently placed in the shop for repairs under the warranty, the car was used as a demonstrator without appellee's permission and was wrecked by appellant.

Although a directed verdict is not warranted unless there is no evidence of any kind supporting plaintiff's position and fraud may be proved by slight circumstances (*Jenkins v. Gulf States Mtg. Co.*, 138 Ga. App. 835, 837 (227 SE2d 522)), a verdict on this issue should have been directed. Plaintiff's evidence, at best, established that Strother Ford, Inc. knew or should have known the condition of the car. Appellee submits that the salesperson who sold the car to appellee may have driven the car prior to the execution of the sales contract and the defects should have been obvious to anyone who drove the car. Appellee also contends that the defects should have been discovered when the car was inspected for its motor vehicle inspection sticker. It is undisputed that the car did pass the inspection. No actual knowledge of the car's condition was shown. Appellee testified that no representations were made prior to the execution of the sales contract.

Appellee failed to establish the elements requisite for a case of fraudulent misrepresentation. See *Romedy v. Willett Lincoln-Mercury, Inc.*, 136 Ga. App. 67 (2) (220 SE2d 74). "Constructive knowledge of defects cannot be the basis of fraud in this case. [Cits.]" *Randall v. Smith*, 136 Ga. App. 823, 825 (222 SE2d 664). See also *Whaley v. Holt*, 110 Ga. App. 228 (138 SE2d 196). But see *Wade Ford, Inc. v. Perrin*, 111 Ga. App. 794 (143 SE2d 420).

After the contract was executed the salesman told appellee that the car was in "A-1 condition." This statement alone is not sufficient to support a claim based on fraudulent misrepresentation. *Randall v. Smith*, supra, p. 824. Moreover, it is clear that this representation, because it was made after the execution of

the sales contract, did not induce appellant's reliance.

Although it was error to refuse to direct a verdict on the issue of fraudulent misrepresentation (see *Newman v. Thompson,* 134 Ga. 137 (5) (67 SE 662)), there was sufficient evidence to present the case to the jury on different legal theories. See, e.g., *Parker Motor Co. v. Spiegal,* 33 Ga. App. 795 (127 SE 797); Code Ann. § 81A-115 (b). We cannot say that the refusal to direct a verdict as to the issue of fraudulent misrepresentation constituted reversible error. " 'Injury as well as error must be shown before a new trial will be granted.' " *City Dodge v. Gardner,* 130 Ga. App. 502, 505 (203 SE2d 729).

2. Appellant urges in his brief that the trial court erred in refusing to direct a verdict as to tortious misconduct. Unfortunately for appellant, this was not included in the enumeration of errors and therefore cannot be considered. *Riggins v. State,* 128 Ga. App. 478 (197 SE2d 154); *Craft v. State,* 121 Ga. App. 70 (5) (172 SE2d 870).

3. Appellant argues that the court erred in allowing evidence as to attorney fees. Code Ann. § 20-1404. The evidence showed that Strother Ford, Inc., through its salesman, denied having used the car as a demonstrator, then claimed that appellee's wife had given permission to use the car for that purpose, and then procrastinated in repairing the vehicle. There was sufficient evidence to present the issue of attorney fees to a jury. *Beaudry Ford, Inc. v. Bonds,* 139 Ga. App. 230 (228 SE2d 208). See also *Ponce de Leon Condominiums v. DiGirolamo,* 238 Ga. 188 (2) (232 SE2d 62).

4. Appellee was allowed, over objection, to testify that he walked 11 miles to work because appellant had damaged his new car, retained his trade-in, and refused to supply a substitute automobile other than the malfunctioning new Mustang when requested. Appellee also testified that the owner of Strother Ford, Inc. had told him that ". . . for transportation . . . you can walk . . ." Appellant submits that the admission of the testimony was error because the time spent walking was prejudicial and not a compensable element of damages.

We need not consider whether these statements were admissible as evidence relevant to the issue of bad faith or

exemplary damages, because the jury awarded only actual damages and there was other evidence of bad faith. Any error, if there was error, was harmless.

5. Appellant complains that various rulings concerning the use of depositions constitute error. Appellant sought to impeach a witness through use of selected portions of a deposition. On re-direct appellee was permitted, over objection, to read relevant portions of the deposition which had been omitted by appellant. On re-cross appellant was not permitted, over objection, to continue reading from the point of the deposition where appellee had left off because the subject matter had been covered on cross examination.

The trial court did not err in permitting appellee's use of the deposition on re-direct. "Fairness demands that no less than all portions relevant to that interrogated about be introduced at the same time." *Wells v. Alderman,* 117 Ga. App. 724 (10) (162 SE2d 18). Nor was error committed in the refusal to allow appellant to continue reading from the deposition. "It appears that this [witness] was fully cross examined as to his answers in the aforesaid deposition, and no harm resulted from the refusal to allow the excerpts from the deposition in evidence. [Cits.]" *Goober v. Nix,* 128 Ga. App. 578 (1) (197 SE2d 486); Code Ann. § 81A-132 (a).

6. Appellant maintains that the jury verdict awarding $3,865 actual and no punitive damages was grossly excessive and unauthorized by the evidence. The total contract price of the vehicle involved in this action, one new 1975 Ford Mustang, was $5,447.92. Strother Ford, Inc. had paid off the balance owing of $1,642.27 on appellee's old car which was received as a trade-in. The difference, assuming the trade-in had no value, is $3,805.65. Even assuming that the listed contract price was overstated because a discount on this price was reflected and included in the amount credited to appellee on the car traded in, we cannot say that the $3,865 award which may have included attorney fees was excessive. " 'The court will not disturb a verdict where there is sufficient evidence to support it. [Cits.]' " *City Dodge v. Gardner,* supra, p. 505.

*Judgment affirmed. Quillian, P. J., and Banke, J.,*

*concur.*

ARGUED JUNE 9, 1977 — DECIDED JUNE 27, 1977 —
REHEARING DENIED JULY 14, 1977 —

*Awtrey, Parker, Risse, Mangerie & Brantley, A. Sidney Parker, Dana L. Jackel,* for appellants.
*J. M. Grubbs, Adele W. Platt,* for appellee.

ON MOTION FOR REHEARING.

It is respectfully submitted that the refusal to direct a verdict as to fraudulent misrepresentation was harmful because the jury award of damages was predicated on a rescission of the contract. It is urged that the measure of damages in a trover action will not authorize the award under the facts of this case. We disagree.

The evidence here demanded a finding of conversion.

"As between the original purchaser and seller the agreed contract price is prima facie evidence of actual value and in a trover action is sufficient, in the absence of evidence to the contrary, to prove the value of the property. [Cit.]" *Kirkland v. Chrysler Credit Corp.,* 119 Ga. App. 759 (168 SE2d 650).

We adhere to our decision.

*Motion for rehearing denied.*