A89A0650. HATTAWAY v. KEEFE et al.
A89A0651. KEEFE v. MIDDLE GEORGIA MANAGEMENT
SERVICES, INC. et al.
(381 SE2d 569)

DEEN, Presiding Judge.

*Case No. A89A0650.*

Randall L. Hattaway, an accountant, was a long-time friend of the elderly, and now totally incapacitated, Mattie Bayne Keefe. Sometime during the 1960's, Hattaway organized a credit union while

he was an employee of the Baldwin County Hospital, and his friend Mattie gave him $2,000 to put into a joint account with him. From time to time over the years, Mattie gave him money, and he would either put it in their credit union account or place it with Middle Georgia Management Services, Inc. (MGMS) in their joint names and receive a promissory note in return. As each note came due, it was rolled over into a new note, and Mattie frequently gave Randall cash which he would add to a new note. When the credit union account reached $5,000, it was closed. A new three-year note bearing 13 percent interest was issued on January 31, 1983, after Mattie Bayne Keefe signed an affidavit stating that a previous note (in the amount of $12,000 bearing 10 percent interest for three years) had been lost by her, and that the new note, for $17,000 to replace the lost note and to add $5,000 additional money, was being issued to her and Randall L. Hattaway as joint owners with right of survivorship. The testimony showed that the $5,000 added to the new note came from the closed credit union account.

The evidence further showed that the interest on the notes was reported to the Internal Revenue Service under Mattie's Social Security number and that Hattaway requested that all the interest be paid to Mattie so she could purchase hay for her cattle in winter. The interest income was reported by Mattie on her tax returns. Hattaway testified that he did not manage Mattie's affairs except to do her income tax returns and that he helped her with the farm for twenty-five years after her husband died. He claims that all the money represented by the note was his and it represented gifts of cash to him from Mattie. He claimed that he instructed MGMS to pay the interest to Mattie for income tax purposes so this income could be offset against the winter hay expenses. In 1979, when Mattie sold all the cows, Hattaway received one-half of the proceeds, and the farm was leased to a third party.

In 1987 Charles Ennis, purportedly acting for Mattie under a power of attorney, contacted Hattaway and demanded the note for $17,000 which was in his possession. Hattaway claims that he contacted Mattie, and she stated that she did not want it and that it was his. A bank employee also testified that she had talked to Mattie and was informed that Ennis was not to have the note, as it was Hattaway's.

In February of 1987 Mattie filed an action against MGMS and Hattaway, alleging that she had made demand on MGMS for payment of a note payable to herself and Randall L. Hattaway and that it was refused unless she would surrender the note. She alleged that Hattaway had possession of it and that he refused to surrender it. She further alleged that the debt represented by the note was her property and demanded judgment against MGMS for $17,000 plus inter-

est, and against all the defendants for costs. Hattaway answered, admitting possession of the note and denying all other allegations except venue and jurisdiction. Hattaway filed a cross-claim against MGMS alleging that it was indebted to him on the promissory note and that demand for payment was refused when it was presented. MGMS answered the complaint, denying that it was indebted to Mattie or that demand had been made by her, admitted a note was in Hattaway's possession, and, as both Mattie and Hattaway had claimed an interest in the note, pleaded uncertainty as to what to do with the sums due on the note and stated a willingness to pay whomever the court directed it to pay.

Hattaway filed a motion for judgment on the pleadings and claimed the only allegations against him were that there was a note payable to Mattie and himself, and that he had possession of the note. This motion was granted. A direct appeal on this ruling was denied by this court because the case was still pending in the court below. Both Mattie's claim against MGMS and Hattaway's claim against MGMS proceeded to trial. Hattaway appeals from the entry of a judgment on a jury verdict in favor of Mattie Bayne Keefe.

1. Hattaway first contends that the trial court erred in denying his motions for a directed verdict.

While OCGA § 11-3-116 provides that an instrument payable to the order of two or more persons "(a) is payable to any one of them and may be negotiated, discharged, or enforced by any of them who has possession of it," this code section does not control ownership between the co-payees. "Possession of a negotiable instrument is presumptive evidence of title," *Dawson v. Gen. Discount Corp.*, 82 Ga. App. 29, 31 (60 SE2d 653) (1950), but it is not conclusive. OCGA § 44-1-12 provides: "One person may have the right of possession of certain [personal] property and another person may have the right to the property itself. A union of those rights constitutes a perfect title." One in possession of personal property is presumed to be the owner until the contrary appears, and the burden of rebutting the presumption is upon the party claiming adversely to the one in possession. *Beard v. Stephens*, 117 Ga. App. 132, 133 (159 SE2d 441) (1968). In the instant case, Mattie claimed that she had a right to the property and that Hattaway merely had possession of the promissory note. We find no error in the trial court's denial of appellant's motions for a directed verdict. The standard of review of the denial of a motion for a directed verdict is the "any evidence" test. *Kittles v. Kittles*, 187 Ga. App. 537, 538 (370 SE2d 803) (1988).

Mattie presented sufficient evidence to present the issue for jury decision, and it was for the jury to determine if she met her burden of proof.

2. Hattaway next asserts the general grounds and claims that the

judgment on the pleadings in his favor was *res judicata*. We agree that he was eliminated from Mattie's case as a party defendant, but two issues were left pending: Mattie's claim on the note against MGMS and Hattaway's counterclaim. The court consolidated these cases and tried them together without Hattaway's objection. We find no error.

3. The trial court did not err in admitting parol and documentary evidence as to the notes not sued upon in the case. These notes were earlier notes which were rolled over into the note in question. Other notes were used to trace the source of the money loaned to MGMS, and other evidence included deposit slips and testimony about how the various notes were made. This evidence and testimony was not used to vary the terms of the notes in issue, but rather to prove that Mattie was the source of the funds in question.

4. During the course of the trial, the judge permitted a deposit slip into evidence over Hattaway's objection and stated in the presence of the jury, "Well, I think the issue is whose money it is and if it goes to that, it is relevant." Appellant contends that this statement constitutes an impermissible expression of personal opinion by the trial judge. We disagree. The jury recharge specifically directed it to find whether the proceeds of the note belonged to Mattie Bayne Keefe or Randall Hattaway, and it was clearly the main issue in the case. While the trial court may have inadvertently used the personal expression, "I think," he was clearly making a legal ruling on the admissibility of evidence, and not making any personal statement as to the value of the evidence to either party.

5. Appellant did not request a charge on a partial verdict for each party, and we find no error in the court's failure to so charge. The issue of partial ownership was not raised by the pleadings or the evidence. Indeed, Hattaway and Mattie each claimed sole ownership in the note in question.

We find no merit in any of the enumerations of error asserted in this case.

### Case No. A89A0651.

In view of our holding in the preceding case, it is not necessary to address the issues raised in the cross-appeal.

*Judgment affirmed in Case No. A89A0650 and dismissed as to Case No. A89A0651. Birdsong and Benham, JJ., concur.*

DECIDED APRIL 12, 1989.

*Robert H. Herndon*, for Hattaway.
*Gordon Lee Dickens, Jr.*, for Keefe.

*Milton F. Gardner*, for Middle Georgia Management Services.