# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 19-0756** (Randolph County 19-C-30)

**Terry Butcher,**
**Defendant Below, Petitioner**

**FILED**
**December 7, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Terry Butcher, by counsel Kevin T. Tipton, appeals the July 31, 2019, order of the Circuit Court of Randolph County, denying his petition for a writ of mandamus. Respondent State of West Virginia, by counsel Andrea Nease-Proper, filed a response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2005, petitioner pled no contest to first offense driving under the influence ("DUI") and to driving with a suspended license for DUI. The magistrate court sentenced petitioner to six months in jail on each charge, with the sentences to run concurrently. In effect, petitioner was to serve ninety days in jail followed by ninety days on home confinement. The court ordered petitioner to report to the regional jail on February 14, 2005. However, petitioner did not report on that date or at any point thereafter. Three months later, on May 4, 2005, the court issued a capias warrant against petitioner, which assigned an erroneous case number. That capias warrant was never executed. On or about May 14, 2005, petitioner was to be placed on home confinement, but he did not appear. A second capias was issued on August 2, 2005, which was also assigned an erroneous case number. That second capias was also never served.

Thirteen years later, in 2018, petitioner was found guilty of violating a domestic violence protective order that had been issued against him, and he was sentenced to ten days in jail. Thereafter, petitioner sought and received permission from the magistrate court for extra time to report and to leave the State to take a prepaid family vacation. Petitioner's motion was granted.

1

However, following his vacation, petitioner failed to report to jail as ordered. Thereafter, the magistrate court discovered that petitioner's 2005 capias warrants were still outstanding, and the State sought to execute the capias warrants. On June 19, 2018, petitioner hired counsel who filed a motion to dismiss the 2005 warrants due to the thirteen-year delay in serving them. Petitioner's counsel also claimed a violation of petitioner's speedy trial rights. The State filed an objection claiming that petitioner had already been convicted of the crimes at issue and, therefore, a speedy trial rights claim was inapplicable. Thereafter, petitioner hired his current counsel. Following a hearing, the magistrate court, on October 30, 2018, denied petitioner's motion.

Seven months later, on June 9, 2019, petitioner filed an appeal, or, in the alternative, a petition for a writ of mandamus to the circuit court. At a subsequent hearing, petitioner argued that: (1) thirteen years had passed between his 2005 conviction and the State's 2018 attempt to serve the capias warrants; (2) he had lived at the address noted in the capias warrants for ten years following his 2005 magistrate court convictions; (3) he and his family members had been in the magistrate court many times since 2005 paying off fines; (4) he learned about the 2005 capias warrants in 2018 while he was on a court-sanctioned vacation following his conviction for violation of a protective order; (5) he promised to return from his vacation and to report to the court, but then he hired a lawyer who agreed to handle the matter and to update petitioner; (6) due to petitioner's current health problems and the State's delay in serving the capias warrants, the two warrants should be dismissed or, in the alternative, he should be allowed to serve all 180 days on home confinement; (8) the State had a duty to serve the capias warrants without undue or unnecessary delay; and (9) he has no other remedy at law.

The State countered that (1) in 2005, petitioner agreed to the plea deal; (2) the State could not undo the magistrate's sentence; (3) it did not learn of petitioner's unserved capias warrants until a recent update of the magistrate court's computer system; (4) petitioner failed to report to jail in both 2005 and 2018; (5) this case did not raise a speedy trial issue; (6) petitioner's counsel failed to timely file an appeal of the magistrate court's order denying petitioner's motion to dismiss the warrants; (7) petitioner admits that he has no clear legal right to have his petition for mandamus granted; (8) there is no statute of limitations for the service of capias warrants; (8) although the State failed to serve those warrants for thirteen years, petitioner had a duty to report to jail which he did not do; and (9) petitioner's statement that he was frequently in the magistrate court is false as the only fines he paid in magistrate court relate to his 2018 domestic violence case.

By order entered July 31, 2019, the circuit court denied petitioner's petition for a writ of mandamus because there is no statute of limitations on a capias warrant, and the capias warrants resulted from a plea agreement. However, the court also ruled that petitioner was entitled to a change in the law that inured to his benefit and, therefore, he would receive a day for day credit and would serve only forty-five days in jail. This appeal followed.

> "A *de novo* standard of review applies to a circuit court's decision to grant or deny a writ of mandamus." Syl. Pt. 1, *Harrison Cty. Comm'n v. Harrison Cty. Assessor*, 222 W. Va. 25, 658 S.E.2d 555 (2008); *accord* Syl. Pt. 1, *Staten v. Dean*, 195 W.Va. 57, 464 S.E.2d 576 (1995) ("The standard of appellate review of a circuit court's order granting relief through the extraordinary writ of mandamus is de novo.").

2

*State v. Davis*, 236 W. Va. 550, 553-54, 782 S.E.2d 423, 426-27 (2015).

> "'A writ of mandamus will not issue unless three elements coexist—(1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy.' Syllabus Point 1, *State ex rel. Billy Ray C. v. Skaff*, 190 W.Va. 504, 438 S.E.2d 847 (1993); Syllabus Point 2, *State ex rel. Kucera v. City of Wheeling*, 153 W.Va. 538, 170 S.E.2d 367 (1969)." Syllabus point 2, *Staten v. Dean*, 195 W.Va. 57, 464 S.E.2d 576 (1995).

Syl. Pt. 2, *Ewing v. Bd. of Educ. of Cty. of Summers*, 202 W. Va. 228, 503 S.E.2d 541 (1998).

On appeal, petitioner argues that the court erred in denying his petition for a writ of mandamus given that the capias warrants against him were not timely served and he has no other remedy at law. In support, petitioner cites to syllabus point 2 of *State v. Lacy*, 160 W. Va. 96, 232 S.E.2d 519 (1977), that provides:

> Inordinate delay in the issuance and execution of the Capias following return of an indictment is not contemplated by the statute, W.Va. Code, 62-2-13; is inconsistent with the speedy trial requirements of the federal and state constitutions and W.Va. Code, 62-3-21; and, except for good cause shown, cannot be tolerated in the administration of criminal justice.

In *Lacy*, the Court found that the defendant was not brought to trial within three terms of court and, therefore, under West Virginia Code § 62-3-21, was forever discharged from prosecution for the offense. 160 W. Va. at 103, 232 S.E.2d at 523. Petitioner admits that the facts in *Lacy* are dissimilar to the facts in this case, but he claims the premise and ultimate goal is the same in both cases, i.e., the fair administration of criminal justice. Petitioner argues that executing the capias warrants thirteen years after they were issued was an impermissible and inordinate delay violative of the fair administration of criminal justice and should not be tolerated.

Petitioner also argues that mandamus relief was proper in this case. Petitioner contends that (1) he had clear legal right to the have the capias warrants executed upon him without "inordinate delay"; (2) the State had a duty to timely execute the warrants without "inordinate delay"; and (3) because he had no other legal remedy, he had the right to have the 2005 case set aside. Petitioner contends that because the State is at fault for failing to timely serve the capias warrants, petitioner had the right to avoid his sentence.

We disagree. First, petitioner's reliance on *Lacy* is misplaced because there is no statute of limitations on a capias warrant issued after the entry of a sentencing order. As petitioner admits, *Lacy* regards a defendant who was not brought to trial within three terms of court and, therefore, under West Virginia Code § 62-3-21, was forever discharged from prosecution for his offense. 160 W. Va. at 103, 232 S.E.2d at 523. Clearly, *Lacy* regards speedy trial rights and not the service of a capias warrant. In the instant case, speedy trial rights are not implicated as petitioner was sentenced within a month of his arrest. Thus, we reject petitioner's attempt to apply the principles regarding speedy trial rights to the service of a capias warrant.

Second, petitioner cannot satisfy the first and second requirements for the issuance of a writ of mandamus. Petitioner cannot show that he had a "clear legal right to the relief sought." Petitioner bases his claim to such a right solely on *Lacy* which, as noted above, is inapplicable to this case. Moreover, petitioner agreed to a plea in 2005, and to his sentence (ninety days in jail followed by ninety days on home confinement), yet he never reported to the jail or for home confinement. Petitioner also failed to report for his sentence for violating a protective order in 2018. Thus, the circuit court's denial of petitioner's petition for a writ of mandamus was not in error.

Third, petitioner cannot show that the State had "a legal duty . . . to do the thing which the petitioner seeks to compel," that is, to dismiss his case because the capias warrants were not served for thirteen years. Capias warrants are creatures of common law; thus, unless the relevant statute contains a statute of limitations, one does not apply. "Statutes of limitations, as other statutes, are created solely by legislative enactment and not by judicial decision. Courts have no power with respect to such legislation except to construe and apply the statute." *Morgan v. Grace Hosp., Inc.*, 149 W. Va. 783, 799, 149 S.E.2d 156, 165 (1965) (Haymond J., dissenting). The Legislature has not passed a statute of limitations for the service of a capias warrant. Moreover, this Court has said that "[a] statute . . . may not, under the guise of 'interpretation,' be modified, revised, amended or rewritten." Syl. Pt. 1, in part, *Consumer Advocate Div. v. Pub. Serv. Comm'n of W. Virginia, on Behalf of Residential and Small Commercial Customers of Hope Gas, Inc. v. Pub. Serv. Comm'n of W. Virginia*, 182 W. Va. 152, 386 S.E.2d 650 (1989).

Other jurisdictions have addressed this same issue. For example, Florida found that when the State executed a capias warrant fifteen years after it was issued, it was acting "without unreasonable delay." *Goings v. State*, 76 So.3d 975, 977 (Fla. Dist. Ct. App. 2011). Texas has ruled that the State's lack of due diligence in executing a capias warrant on a petition to revoke community supervision was not an affirmative defense to revocation after the community supervision period expired based on the defendant's failure to pay court costs, restitution, attorney's fees and supervision fees, and for his failure to perform community services. *See Wheat v. State*, 165 S.W.3d 802 (Tex. App. 2005).

As for petitioner's argument that his sentence should be altered to allow him to serve the entirety of his sentence on home confinement, we long ago made clear that

> "[w]hile a writ of mandamus is the proper remedy to compel the tribunals and officers exercising discretion and judicial power *to act*, when they fail so to do, in violation of their duty, mandamus is *never* employed to prescribe *in what manner each tribunals and officers shall act,* or *to correct errors they may have made.*

> Syl. Pt. 3, *Meador v. Cty. Ct. of McDowell Cty.*, 141 W. Va. 96, 87 S.E.2d 725 (1955) (emphasis added).

*Sluss v. McCuskey*, No. 18-0626, 2019 WL 5960252, at *6-7 (W. Va. Nov. 13, 2019) (memorandum decision). Accordingly, we find no error.

4

For the foregoing reasons, we affirm

Affirmed.

**ISSUED:** December 7, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison