42799.   LOWRANCE v. BANK OF LAFAYETTE et al.

ARGUED MAY 4, 1967—DECIDED MAY 26, 1967.

*Gearinger & Vineyard, H. H. Gearinger,* for appellant.

*Shaw, Stolz & Fletcher, Irwin W. Stolz, Jr.,* for appellees.

JORDAN, Presiding Judge. ■ The first enumerated error is directed to the trial court's order overruling the so-called demurrer to the petition, which the trial court treated as a speaking demurrer, and the second enumerated error is directed to the order sustaining the bank's motion to strike the late answer. There being no argument or citation in the appellant's briefs in support of these alleged errors, they are treated as abandoned. See Rule 17 (c) (2) of this court.

■ The remaining three enumerated errors are directed to the judgment against the appellant, the failure to make a specific ruling on the affidavit to open the case, which was on file when the judgment was rendered, and the overruling of the motion for a new trial. The appellant insists that the affidavit to open the case met the requirements of *Code Ann.* § 110-404, and "that the basic error here is not based upon the court's denying Lowrance the right to open the case but in never ruling at all on the affi-

davit." *Code Ann.* § 110-401 specifically provides that any case not *answered* on or before its appearance day is automatically in default unless the time for filing an *answer* has been extended as provided by law. This section allows the defendant 15 days as a matter of right to open the default, upon payment of costs, and thereafter if the case is still in default the plaintiff is entitled to judgment on the pleadings without a jury trial, unless the action is ex delicto or involves unliquidated damages, as was not the case here. *Code Ann.* § 110-404 vests in the judge a discretion to allow a default to be opened, upon payment of costs, for providential cause preventing the filing of a plea, for excusable neglect, or for other reasons, if the judge shall determine that a proper case has been made to open the default. In addition to a showing of valid reasons for opening the default, the defendant under oath must set up a meritorious defense, offer to plead instanter, and announce that he is ready to proceed with the trial. Aside from the reasons set forth in the affidavit explaining the failure to file an answer, which merely show a failure to file by the attorney on account of the press of other business and reliance upon his partners at that time who were not admitted to practice in Georgia, the proffered answer shows nothing more than that the appellant obligated himself as an indorser of the note after relying on the statement of an attorney that the maker's security was good, and this is no defense to the action.

Under these circumstances the failure of the trial judge to rule on the affidavit to open the default was not harmful error to the appellant, and the case being automatically in default upon the failure to file a timely answer to the petition, on an action ex contractu and not involving unliquidated damages, the trial judge properly rendered judgment against Lowrance based on the allegations of the petition, and thereafter properly overruled the appellant's motion and amended motion for a new trial.

*Judgment affirmed. Deen and Quillian, JJ., concur.*