## 52198. SHAW v. COOK COUNTY FEDERAL SAVINGS & LOAN ASSOCIATION.

STOLZ, Judge.

In 1967, plaintiff Shaw applied to Cook County Federal Savings & Loan Association (CCF) for a $12,000 loan to pay off outstanding liens against her home. As a savings and loan association, CCF is authorized to make only loans creating first liens against real estate so mortgaged. Pursuant to its standard procedure, CCF had an attorney run a preliminary title check on Mrs. Shaw's home. Upon finding an outstanding lien in favor of

Farmers & Merchants Bank (FMB), CCF allegedly obtained a subordination agreement from FMB. However, the agreement was never filed or recorded, CCF's attorney having lost or misplaced the document. That attorney had issued a final title certificate to the bank stating that CCF's lien was a first lien against the realty.

Mrs. Shaw alleges, and CCF denies, that at the time of closing the loan, she asked the bank's president about other liens on her home and was assured that none existed. In 1973, FMB initiated proceedings to foreclose on its open-ended mortgage (executed by Mr. Shaw) on Mrs. Shaw's home. Apparently, Mrs. Shaw asked CCF what she could do to stop foreclosure and was told that she would have to refinance her home to pay off FMB's lien. CCF agreed to handle this refinancing, and executed a second loan with Mrs. Shaw.

Subsequently, Mrs. Shaw sued CCF for negligence, deceit and misrepresentation. It is from the trial court's order granting CCF's motion for summary judgment that plaintiff Shaw appeals. *Held:*

The record discloses no basis upon which the plaintiff can recover from the defendant bank in this case.

" 'The five elements of fraud and deceit in Georgia are: (1) false representation made by the defendant; (2) scienter; (3) an intention to induce the plaintiff to act or refrain from acting in reliance by the plaintiff; (4) justifiable reliance by the plaintiff; (5) damage to the plaintiff.' " *Romedy v. Willett Lincoln-Mercury, Inc.,* 136 Ga. App. 67 (220 SE2d 74). Notwithstanding the parties' dispute as to the false representation, reliance, and damages, there is no evidence in this case of either scienter or the bank's intention to induce Mrs. Shaw to sign the note by representing to her that there were no other liens outstanding.

Nor has plaintiff Shaw established a prima facie case of actionable negligence. The loan application shows that Mrs. Shaw applied to the bank for a $12,000 loan. Additionally, Mrs. Shaw contends that she stated to the bank officer that she wanted to pay off all outstanding encumbrances on her property.

In order to establish negligence or negligent

misrepresentation, plaintiff Shaw had to initially prove that a duty owed to her was breached. Certainly, the bank had a duty of due diligence in the approval and execution of the loan. However, based on the evidence before us, we cannot extend that duty to apply to giving advice to the plaintiff that she actually had a lien outstanding which she had not listed in her loan application and which would require her to borrow more than the requested $12,000.

That the bank could take only a first lien on real estate, did not impose upon it a duty to insure the plaintiff against the existence of other liens. The federal statute, 12 USCA § 1464(C), which restricts the savings and loan association to first liens, does not explicitly provide a private right of action, although, in a proper case, one may be authorized. The limitation on the lending power of these associations was designed to protect the assets of their members and depositors, not their borrowers. See McNeill v. Jacobson, 55 Wisc. 2d 254 (198 NW2d 611). Since a private right of action in this case would not be in furtherance of the statute's purposes, none will be implied. See City Federal Savings & Loan Assn. v. Crowley, 393 FSupp. 644 (E.D. Wis.).

Nor did the bank's action to obtain a title examination of the property give Mrs. Shaw the rights of a third-party beneficiary. See *Gaines v. American Title Ins. Co.,* 136 Ga. App. 162 (220 SE2d 469); *Lowrance v. Bank of LaFayette,* 115 Ga. App. 788 (156 SE2d 158). That the plaintiff paid attorney fees for the title examination as part of the closing costs on the loan, has no effect on this result. See *Sherrill v. Louisville Title Ins. Co.,* 134 Ga. App. 322 (214 SE2d 410).

The plaintiff had obtained the property involved in the instant case in a conveyance from her husband (who had executed the security deed in favor of FMB). The record shows that CCF's attorney discovered FMB's deed during his title search, indicating that the deed had been duly recorded. Notwithstanding CCF's knowledge that FMB's prior lien existed, the plaintiff, Mrs. Shaw, has shown no reason why CCF would be liable for its failure to disclose information which was a matter of public record and which she herself was charged with knowing.

Since the plaintiff has failed to establish a claim

against the defendant bank, the trial court's order granting summary judgment to the defendant was not error.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

ARGUED MAY 3, 1976 — DECIDED JULY 8, 1976 — REHEARING DENIED JULY 26, 1976 —

*Bennett & Wisenbaker, Reginald C. Wisenbaker,* for appellant.

*Griffis & Thomas, Virgil Griffis, Edward Parrish, Whitehurst, Cohen & Blackburn, A. J. Whitehurst,* for appellee.