## 61832. BAYLINER MARINE CORPORATION v. PRANCE.
## 61833. STOVALL TIRE & MARINE INC. v. PRANCE.

McMURRAY, Presiding Judge.

On October 24, 1978, Prance Body and Fender Works, Inc., as buyer, purchased a Bayliner boat and a motor from Stovall Marine North, as seller, located in DeKalb County, Georgia. The purchase and sale is based upon a conditional sales contract involving a loan by and between the parties. This agreement was signed, sealed and delivered by the buyer who executed same as buyer with the signature "David M. Prance, Pres." The co-buyer thereon was shown as "David M. Prance Per Ind." Both signatures were under seal. In the agreement David M. Prance requested credit life insurance and declined credit disability insurance. This part of the agreement was signed by "David M. Prance."

After the purchase and use of the boat and during the first 12 months thereof, the buyer contends that on the outer surface of the hull "a blistering appearance began to develop . . . which necessitated that the cruiser had to be removed from the water" for repairs. The boat was returned to Stovall Marine North, which undertook to make repairs, and repairs were made to the hull at the expense of the manufacturer. The buyer contends the repairs were unsatisfactory, and the seller and manufacturer thereafter refused to make any further repairs.

On October 10, 1979, David M. Prance, d/b/a Prance Body and Fender Works, Inc., filed an action against Bayliner Marine Corporation with a registered agent for service in Fulton County and Stovall Tire and Marine, Inc., a corporation, located in Clayton County. The suit was filed in Fulton County, and Stovall Tire and Marine, Inc., was served by second original. The action was in two counts. Count 1 sought damages for negligence in the repair of the boat, seeking an amount in excess of $3,000 to resurface the outer hull and for expenses in excess of $900. Count 2 sued for a manufactural defect and alleged the defendants to be guilty of bad faith and of being stubbornly litigious in disavowing any legal responsibility for repairs to the cruiser and abandoning the plaintiff as a consumer, seeking jointly and severally for all expenses incurred, the actual repairs or its equivalent of a new cruiser, if it cannot be repaired; plus loss of use and benefit, as well as attorney fees and expenses of litigation.

The defendant Bayliner Marine Corporation answered and, in general, denied the claim, although admitting jurisdiction. Stovall Tire and Marine, Inc. failed to answer and became in default. It later attempted to open the default but same was denied by the court after

a hearing.

After discovery the case proceeded to trial, and during the trial plaintiff moved to amend the complaint to conform to certain evidence. Plaintiff was allowed to add a third count against the defendant Bayliner Marine Corporation for breach of contract of repair, contending the plaintiff's boat is worthless and plaintiff seeks to recover the purchase price from the defendant Bayliner Marine Corporation. Plaintiff David M. Prance, d/b/a Prance Body and Fender Works, Inc. was also allowed to amend, contending the real and proper party in interest was Prance Body and Fender Works, Inc., and that the corporation should be made a party inasmuch as the true intention of the plaintiff was to bring it in the name of David M. Prance and in the name of Prance Body and Fender Works, Inc., inasmuch as the corporation was the owner of the boat and the individual plaintiff's interest in the complaint was joined as his name appeared "on the conditional sales contract as a co-obligor."

The jury returned a verdict for the "plaintiff" against the defendant Stovall Tire and Marine, Inc. as to liability "because they are in default" and against defendant Bayliner as to liability. As to damages awarded, the jury found that Stovall Tire and Marine, Inc. would rescind the contract and return to the plaintiff all monies paid on the boat since the date of purchase in the amount of $5,390; $1,500 for legal (attorney) fees; $1,500 for damages (punitive) for bad faith; $2,090 for plaintiff's old boat which was used as a down payment on the new boat; and to relieve the plaintiff of all indebtedness incurred in the purchase of the boat. With reference to the defendant Bayliner Marine Corporation as to damages, the jury awarded the plaintiff $1,500 for legal (attorney) fees; $1,500 damages (punitive) for bad faith; and $2,000 because the defendant Bayliner had "exercised negligence in having been stubbornly litigious." In addition, as to damages, the boat was to be returned to the defendant Stovall Tire and Marine, Inc. The final judgment and decree made the verdict of the jury a part thereof and attached same to the judgment. The court therein then directed the plaintiff to return the boat to defendant Stovall Tire and Marine, Inc., and awarded a judgment against Stovall Tire and Marine, Inc. in the sum of $5,390; $1,500 for damages for bad faith, and $1,500 attorney fees; and $2,090 for reimbursement for his former boat which was used as a down payment on the present boat, and further ordered that the plaintiff was relieved of any indebtedness incurred, "including any finance charges on the boat involved in this litigation." As to defendant Bayliner Marine Corporation the plaintiff was awarded judgment in the sum of $2,000 for negligent action in the premises (negligent repair on the boat); $1,500 for bad faith, and $1,500 for legal fees. Both defendants

separately moved for judgment notwithstanding the verdict and plaintiffs David M. Prance and Prance Body and Fender Works, Inc. moved to remold the judgment so as to conform to the verdict. All of these motions were denied. Defendant Bayliner Marine Corporation appeals in Case No. 61832 and defendant Stovall Tire and Marine, Inc. appeals in Case No. 61833. *Held:*

1. Plaintiff offered in evidence a conditional sales contract dated "10/24/78," showing the buyer as Prance Body and Fender Works, Inc., and the seller as Stovall Marine North. However, this instrument provided for credit life insurance as a part of the credit which was signed by David M. Prance. David M. Prance also signed the instrument as buyer with the word "Pres." following his name. As co-buyer on this instrument David M. Prance signed as "Per Ind." Both of these signatures were followed by the word "Seal," that is, the instrument was signed, sealed and delivered by the buyer, and was signed by the buyer and co-buyer. However, the first witness called by the plaintiff was David McDonald Prance, who testified that he was the sole stockholder, president, and chief executive officer of Prance Body and Fender Works, Inc. In answer to a question as to whether Prance Body and Fender Works, Inc. purchased a boat from Stovall Tire and Marine, Inc. his reply was, "Yes, I did." He then identified the sales contract referred to above as showing where he bought the boat from "Stovall Marine." The instrument shows the seller as "Stovall Marine North." Further testimony disclosed that the boat was purchased as pleasure for his family and for himself because it had sleeping quarters for his wife and children. He purchased the Bayliner boat from Stovall because at that time Stovall was the only authorized dealer in Atlanta that carried Bayliner. He bought the boat "under the corporation," "yet they wanted me to sign it personally." He contends the boat was bought as property of the corporation and the additional signature was his guarantee or an endorsement as "guarantor." The indebtedness created by the instrument was later transferred to "C. & S." After five months' use the boat was returned to Stovall Marine North because of problems, and the boat was thereafter repaired. During cross-examination Mr. Prance admitted that he was aware there were two separate distinct businesses known as Stovall Marine and R. V. Center on the south expressway, where he knew a Mr. Graham Stovall, who was not a dealer for Bayliner boats, and also Stovall Marine North which was a dealer for Bayliner boats where he made his trade with one Mr. John Stovall.

Plaintiff also offered in evidence an affidavit of the president of Bayliner Marine Corporation in which the affiant admitted that Stovall Tire and Marine, Inc., an independent contractor, was a

business to which Bayliner supplied boats at an agreed price; it was Stovall Tire and Marine, Inc.'s responsibility to market and sell Bayliner's boats; that Stovall Tire and Marine, Inc. was not under direct supervision or control of Bayliner; and that in the present case Bayliner had "employed Stovall Tire and Marine, Inc., to make certain repairs to the hull of purchaser's boat . . . to correct any blistering damage to the hull, if such existed."

Plaintiff's evidence was also voluminous as to his attempts to obtain redress for the defects appearing in the boat, and he also had admitted in evidence, in answer to defendant Stovall's claims of suing the wrong party, a document from the office of the Secretary of State that no record could be found in that office of a corporation "by the name 'Stovall Petroleum Products, Inc.' "

The defendants offered in evidence the testimony of John Murrow Stovall, who testified that he was in the marine business, the name of which was "Stovall Petroleum Company, Inc., doing business as Stovall Marine North"; that he sold a Bayliner boat to the plaintiff in accordance with the conditional sales contract referred to above, repaired same when it was returned to him with a problem, that is, "a void in the gel coat," which repairs were paid by Bayliner with whom he had a franchise to sell Bayliner boats purchased "for resale," although he presently is not a franchise holder for the sale of boats with Bayliner. This witness' testimony was in conflict with that of the plaintiff David M. Prance as to the problem or problems with the boat, and he testified extensively as to the difference between "a void in the gel coat" as opposed to bubbling or blistering of the gel coat.

As to the sale of the Bayliner boat to the plaintiff, no conflicting testimony was presented as to Mr. Stovall's testimony that the boat was sold to the plaintiff by "Stovall Petroleum Company, Inc., doing business as Stovall Marine North." His further testimony also discloses that the Bayliner boat was under an express warranty and that it was repaired under the warranty for which he was compensated in part "through a franchise warranty arrangement with Bayliner," a void being "something that was covered by the warranty," and testifying "No, sir," to a question that "a bubble or a blister in the gel seal" would have been covered by the warranty. He testified further that he was familiar with the limited warranty which was offered in evidence which states that it does not cover "gel coat finish, blisters, cracks or crazing."

The evidence here failed to show any grounds for damages, expenses of litigation, bad faith and attorney fees against defendant Stovall Tire and Marine, Inc. The trial court erred in refusing to grant its motion for directed verdict in its favor because the plaintiff or

plaintiffs had failed to make out a prima facie case, that is, in failing to strike the prayers for any damages as to expenses of litigation, bad faith, and attorney fees, on the grounds that there has been no showing whatsoever as to same. The trial court also erred in denying the motion of defendant Stovall Tire and Marine, Inc. for judgment notwithstanding the verdict as there was no evidence establishing an agency relationship between this defendant and the defendant Bayliner Marine Corporation. The verdict and judgment entered thereon is void. See *Lamas Co. v. Baldwin,* 120 Ga. App. 149, 150 (1) (169 SE2d 638). The plaintiffs here having sued the wrong corporation, the proper defendant corporation being Stovall Petroleum Company, Inc., d/b/a Stovall Marine North, which sold the Bayliner boat in issue to plaintiff or plaintiffs even though it has a similar name to the defendant Stovall Tire and Marine, Inc.

2. The above ruling makes it unnecessary to pass upon the other various and sundry enumerations of error with reference to the defendant Stovall Tire and Marine, Inc., as the judgment is reversed as to this defendant.

3. This action was a proceeding jointly and severally against two defendants, one of whom was the manufacturer, Bayliner Marine Corporation, that warranted (according to the testimony) the boat it had manufactured as being free from defects, in material and workmanship "under normal use and service for a period of one year . . . from date of delivery to the original purchaser," even though it limited its warranty not to apply to "gel coat finish, blisters, cracks or crazing." Yet there was testimony that the warranty would cover voids in the gel coat. An issue of fact was created for jury determination as to this defendant's liability under the warranty. However, the judgment was an award of $2,000 for the negligence in making repairs by and through its dealer from whom the boat was purchased with reference to the resulting damages, for bad faith and legal fees. We deal with these items separately.

(a) The jury's finding as to negligence was an award of $2,000 "for the defendant having exercised negligence and having been stubbornly litigious." The jury had already awarded $1,500 "for bad faith." However, the court in its judgment awarded the plaintiff "$2,000 for negligent action in the premises (for negligent repair on the boat)." The repairs were in no way performed by the defendant manufacturer, Bayliner Marine Corporation, but said repairs were carried out by a franchise dealer, Stovall Petroleum Company, Inc., d/b/a Stovall Marine North. No control nor right to control the time or manner of executing the work or a requirement as to the results and conformity with any contract or specifications were shown. In fact, no relation of master/servant or of principal and agent was

shown between the franchise dealer and this defendant. In short, the evidence showed that Stovall Petroleum Company, Inc., d/b/a Stovall Marine North, was an independent contractor whose only connection with this defendant was to sell boats manufactured by Bayliner and purchased for resale, and it received payment for the repairs made on plaintiff's boat from Bayliner. If it be said that the defendant Bayliner was the employer in having the repairs made, yet under Code § 105-501, it was not responsible for torts committed "by [its] employee when the latter exercises an independent business, and in it is not subject to immediate direction and control of the employer." Consequently, the defendant Bayliner Marine Corporation has not been shown to be liable for any negligence in the repair of plaintiff's boat under the evidence presented. See *Yearwood v. Peabody,* 45 Ga. App. 451 (1) (164 SE 901); *Webb v. Wright,* 103 Ga. App. 776 (1) 779-780 (120 SE2d 806). Compare *Mount v. Southern R. Co.,* 42 Ga. App. 546, 550 (156 SE 701).

(b) We next discuss the award of bad faith and legal fees. Since the case is reversed as to the finding of damages, and the plaintiff must recover other elements of damage before he can· recover expenses of litigation, the award for bad faith, and legal fees must likewise be reversed. See in this connection *Bigelow-Sanford Carpet Co. v. Goodroe,* 98 Ga. App. 394 (5, 6) (106 SE2d 45); *Willis v. Kemp,* 130 Ga. App. 758, 761 (7) (204 SE2d 486); *Minter v. Powell,* 152 Ga. App. 449, 452 (4) (263 SE2d 235); *Basic Four Corp. v. Parker,* 158 Ga. App. 117 (2) (279 SE2d 241).

Further, expenses of litigation are not generally allowed unless it be shown that the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, all of which must arise out of the transaction from which the cause of action arose. See *Story v. Howell,* 85 Ga. App. 661, 664 (70 SE2d 29); *Willis v. Kemp,* 130 Ga. App. 758, 761 (7), supra. Compare *Bowman v. Poole,* 212 Ga. 261, 262 (3) (91 SE2d 770); *Williams v. Harris,* 207 Ga. 576, 579 (3) (63 SE2d 386); *Twin City Lumber Co. v. Daniels,* 22 Ga. App. 578 (1), 581 (96 SE 437). Recovery of attorney fees for stubborn litigiousness is not authorized where there is a bona fide controversy. *Woodson v. Burton,* 241 Ga. 130, 131-132 (4) (243 SE2d 885); *Shearer v. Griffin,* 233 Ga. 47, 48 (4) (210 SE2d 5); *Buffalo Cab Company v. Williams,* 126 Ga. App. 522, 524 (191 SE2d 317); *Nestlé Co. v. J. H. Ewing & Sons,* 153 Ga. App. 328, 332-333 (4) (265 SE2d 61). Here the defendant Bayliner, relying on the advice of its franchise dealer that the problem occurring on the gel coat was due to "blisters, cracks or crazing," occurring in the gel coat finish and same was not covered by the warranty, was not stubbornly litigious in its defense of this lawsuit or in its refusal to satisfy the

demands of the plaintiffs (purchasers). The judgment as to the defendant Bayliner must likewise be reversed.

4. The above rulings likewise make it unnecessary to pass upon the other enumerations of error raised by this defendant on appeal.

*Judgment reversed as to both cases. Quillian, C. J., and Pope, J., concur.*

DECIDED SEPTEMBER 9, 1981.

*Howell W. Ragsdale, Jr.,* for appellant (case no. 61832).
*Albert B. Wallace,* for appellant (case no. 61833).
*Paul R. Koehler,* for appellee.