67290. HEWETT v. HEWETT STUDIOS, INC.

SOGNIER, Judge.
Walton O. Hewett sued Hewett Studios, Inc., an Atlanta-based business engaged in school photography, to recover compensation alleged to be due under an employment agreement. The agreement, which the parties entered into on September 12, 1976, provided in pertinent part as follows:
"2. *Duties.* The Employee [Hewett] shall be employed by the Company [Hewett Studios, Inc.] as a consultant, and shall, subject to paragraph 3, advise and consult with the Company on such matters as the Company may request.
"3. *Extent of Services.* The Employee shall, subject to his health and physical capabilities, devote to the extent requested at least eight hours of his time each year to his duties hereunder, the time, nature and place of such performance to be in the Employee's sole

discretion.

"4. *Compensation.* As consideration for, and in recognition of, valuable past services rendered by the Employee to the Company, and for all covenants undertaken by the Employee and for such future services as may be rendered by the Employee hereunder, during the period of his employment under this Agreement, the Company shall pay and the Employee shall accept as compensation $14,000.00 per year, payable monthly, such compensation to be deemed, for the most part, previously earned and deferred.

. . . .

"7. *Restrictive Covenants.* (a) Employee agrees that he will not, during the term of his employment and for a period of one (1) year thereafter either directly or indirectly be employed by a Conflicting Organization, in any capacity involving the marketing, photographing or selling of school pictures with respect to schools where the Company at such time or within one year prior thereto has marketed, photographed or sold school pictures.

"(b) Employee agrees that he will not, during the term of his employment and one (1) year thereafter, either directly or indirectly be employed by a Conflicting Organization within twenty-five miles of any business location of the Company existing at such time in any capacity involving the marketing, photographing or selling of school pictures or the processing of film for others; Employee hereby acknowledges and agrees that the Company's trade area includes the entire area within twenty-five miles of any business location now or hereafter existing of the Company during the term of Employee's employment, and in fact, extends considerably beyond this area.

"(c) Employee agrees that he will not, during the term of his employment and for a period of one (1) year thereafter, either directly or indirectly, own, manage, operate, or control any Conflicting Organization having a place of business or doing business within twenty-five miles of any business locations of the Company existing at such time.

"(d) Employee agrees that he will not, during the term of his employment and for a period of one (1) year thereafter, either directly or indirectly, solicit or attempt to solicit, with respect to the marketing or sale of school pictures or the processing of film, the business or patronage of any of the customers of the Company served by the Company during the term of the Employee's employment with the Company."

On July 31, 1981, Hewett resigned as a consultant of Hewett Studios, Inc. Shortly thereafter, Hewett and others established a school photography business having its principal business office in Gaffney, South Carolina. Following Hewett's resignation, Hewett Studios, Inc. ceased to make the monthly compensation payments provided for in the agreement, and Hewett brought the instant action. The trial court

granted Hewett Studios, Inc.'s motion for summary judgment, ruling that while Hewett's resignation had not terminated his right to receive the compensation payments, his failure to comply with the restrictive covenants amounted to a forfeiture of any compensation otherwise due under the agreement. Hewett appeals.

1. Appellant contends that the trial court erred in finding that no question of fact remained as to his alleged violation of the restrictive covenants and by ruling as a matter of law that the covenants had been violated.

Appellant gave deposition testimony as to certain metropolitan areas and counties in North Carolina, South Carolina, Georgia, and Florida in which he had solicited business in the year following his resignation from appellee's employ. Appellee's president deposed that his company marketed school photographs throughout Georgia and South Carolina but stated that he did not know of any specific instance in which appellant had called on a school that appellee had marketed.

From the evidence adduced on motion for summary judgment, we find there was no definitive testimony that appellant marketed school pictures at any school where appellee "at such time or within one year prior thereto [had] marketed, photographed or sold school pictures." "Agreements not to engage in a competing business are to be strictly construed and will not be extended by implication or construction beyond the fair or natural import of the language used." 17A CJS 276, Contracts, § 327(4). See *Wells v. First Nat. Exhibitors Circuit*, 149 Ga. 200, 207 (99 SE 615) (1919). While the evidence here might invite the inference that by going into geographic areas being marketed by appellee, appellant marketed the same schools as well, thus violating the restrictive covenants, this construction is impermissible where appellant is the nonmoving party on motion for summary judgment and entitled to have all inferences construed favorably to himself. *McCarty v. National Life &c. Ins. Co.*, 107 Ga. App. 178, 179 (1) (129 SE2d 408) (1962).

Since a positive violation of the restrictive covenants has not been conclusively shown and an issue of fact remains, the trial court erred in granting summary judgment in favor of appellee.

2. In view of our holding in Division 1 above, it is unnecessary to consider appellant's remaining enumerations of error.

*Judgment reversed. Quillian, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 23, 1984 —
REHEARING DENIED MARCH 7, 1984 —

*Patrick F. Henry, Jr.,* for appellant.

*William G. Vance, William N. Withrow, Jr.*, for appellee.