### 70223. HERRLI HOMES, INC. et al. v. ROON et al.
(332 SE2d 379)

CARLEY, Judge.

Appellees contracted with appellant corporation to purchase a manufactured home, paying earnest money in the amount of $2,000. The sale was never completed, and appellees sought to recover the earnest money. When the money was not returned to them, appellees initiated the instant action against appellant corporation and its president, appellant Simpson. Appellees moved for summary judgment, and their motion was granted. The trial court awarded appellees compensatory damages of $2,000, plus attorney fees of $1,500. Appellants appeal.

1. Appellants assert that there is a genuine issue of material fact as to appellees' entitlement to the return of the earnest money under the terms of the contract of sale.

The agreement of the parties provided that appellant corporation was entitled to retain the earnest money as liquidated damages if appellees failed or refused to complete the sale "for any reason except disapproval of the mortgage loan. . . ." Appellees contend that the trial court correctly found that they were entitled to a refund of the

earnest money under this provision because no mortgage loan was obtained. Appellants, however, maintain that the sale was not completed because appellees failed to provide a suitable site for construction of the home.

With regard to the mortgage loan, appellees submitted affidavits that financing could not be arranged by appellant corporation. Appellee Mr. Roon swore that certain mortgage bankers to whom appellees' loan application was originally submitted went out of business, and that a second banking institution declined to make a loan to appellees. Appellant Simpson, in his capacity as president of appellant corporation, submitted counteraffidavits wherein he swore that the specified mortgage bankers had approved appellees' loan application pending receipt of an acceptable plat of survey and completion of construction. Appellees did not controvert the averment that a mortgage loan had been at least conditionally approved, nor did appellants produce any evidence to indicate that the mortgage bankers had not gone out of business. The record contains no evidence with regard to the time frame within which the mortgage bankers ceased to do business, the effect of that occurrence on appellees previously approved loan application, or the disposition of the mortgage bankers' existing accounts.

Construing the foregoing evidence most strongly against the movants for summary judgment, we conclude that there remains a genuine issue of material fact as to whether appellees' failure to consummate the sale was due to "disapproval of the mortgage loan" within the contemplation of the parties' agreement. Since this material issue remains for resolution, the trial court erred in granting summary judgment in favor of appellees on their contract claim. *Edwards v. McTyre*, 246 Ga. 302 (271 SE2d 205) (1980); *Hewett v. Hewett Studios*, 170 Ga. App. 137, 139 (1) (316 SE2d 163) (1984); *Jones v. Barnes*, 170 Ga. App. 762 (318 SE2d 164) (1984).

2. We have reversed the grant of summary judgment against both appellants on the ground that genuine issues of material fact remain for resolution. However, we must still address appellant Simpson's contention that there is no evidence to support a finding of his individual liability to appellees.

In addition to their contract claim, appellees also alleged in their complaint that appellant Simpson wrongfully converted their funds. That allegation was expressly denied in appellants' answer, and the record shows that the earnest money in issue was deposited directly into the business account of the corporate appellant. Appellant Simpson's affidavits include uncontroverted statements that he never represented to appellees that he was acting in an individual capacity with regard to the transaction, that he never commingled his personal assets with those of the corporation, and that he always dealt with the

corporation at arm's length. Appellees' own affidavits stated that they entered into a contract with appellant corporation, and that the corporation, rather than appellant Simpson, refused to return their earnest money.

Appellees' only basis for their claim against Simpson individually is apparently that his signatures on the documents comprising the parties' agreement did not comport with the corporate signature requirements of OCGA § 14-2-4. Regardless of that fact, however, the record contains absolutely no uncontroverted evidence that appellant Simpson personally retained or converted the earnest money paid by appellees. Accordingly, appellees failed to establish that they were entitled as a matter of law to judgment against Simpson personally, and the trial court erred in entering summary judgment against the individual appellant. *Hawkins v. Turner*, 166 Ga. App. 50 (1) (303 SE2d 164) (1983).

3. Appellants finally enumerate as error the trial court's award of attorney fees.

A plaintiff must recover other elements of damage before he can recover expenses of litigation. *Basic Four Corp. v. Parker*, 158 Ga. App. 117, 121 (279 SE2d 241) (1981); *Bayliner Marine Corp. v. Prance*, 159 Ga. App. 456, 461 (3) (b) (283 SE2d 676) (1981). Appellees in the instant case have not presently proved their right to recovery of such other elements of damage, although they may yet prevail upon the merits of their claim. In the current procedural posture of the case, however, appellees' right of recovery has not been established. Accordingly, the award of attorney fees in their favor is unauthorized and must be reversed. See generally *Bayliner Marine Corp. v. Prance*, supra; *Minter v. Powell*, 152 Ga. App. 449, 452 (4) (263 SE2d 235) (1979).

*Judgment reversed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JUNE 7, 1985.

*Daniel J. Craig*, for appellants.
*James Findlay*, for appellees.