### 45081. CHAMBERS et al. v. GALLAHER et al.
(364 SE2d 576)

HUNT, Justice.

The developers and original grantors, along with 32 owners in the Grant Estates Subdivision in Catoosa County, Georgia (the "subdivision"), brought suit seeking an injunction prohibiting the Gallahers, also owners in the subdivision, from operating a "family day care home." The subdivision appeals from the denial of their motion for a temporary restraining order. We reverse.

---

The subdivision relies on certain recorded restrictive covenants placed upon the subdivision property by the original grantors, particularly Restrictive Covenant No. 10 which provides: "No noxious or offensive activity shall be carried on upon any lot or parcel in said subdivision, nor shall anything be done thereon which may or may become an annoyance or nuisance to the neighborhood; and no business or trade of any nature or character be transacted in said subdivision." The trial court held that the foregoing restrictive covenant was overly broad and contrary to public policy. However, the trial court cited no authority for its ruling and we have found none that prohibits a restriction against the operation of businesses in a residential subdivision. See *Voyles v. Knight*, 220 Ga. 305, 306 (2) (138 SE2d 565) (1964). Here, the restrictive covenant clearly and unambiguously prohibits the operation of a business in the subdivision properties. Id. Moreover, additional language in the preamble to the restrictive covenants indicates the intent that the subdivision properties maintain an exclusively residential character and that any nonresidential use of the properties be prohibited. See *Corp. &c. Latter-Day Saints v. Statham*, 243 Ga. 448, 449 (2) (254 SE2d 833) (1979). It is uncontroverted that the Gallahers operate a "family day care home" in their house in the subdivision, providing care for up to fifteen children throughout the day. The Gallahers' business violates the subdivision's restrictive covenants and the trial court erred as a matter of law by denying the subdivision's motion to enjoin the business.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 5, 1988.

*Gleason & Davis, Frank M. Gleason, John W. Davis, Jr.*, for appellants.

*Gwynn M. Adcock, R. Wayne Peters*, for appellees.