**James I. WEPRIN, et al., Plaintiffs,**

v.

**J. Chandler PETERSON, et al., Defendants.**

**Civ. A. No. 1:85–cv–4670–MHS.**

United States District Court, N.D. Georgia, Atlanta Division.

Nov. 21, 1988.

Emmet J. Bondurant, II and Jeffrey D. Horst, Bondurant, Mixson & Elmore, Atlanta, Ga., for plaintiffs.

Thomas J. Gallo, Harkleroad & Hermance, Tower, Ga., James Wiley McKenzie, Jr., Office of James Wiley McKenzie, Jr., Duluth, Ga., and John R. Bush, Bush, Ross, Gardner, Warren & Rudy, Tampa, Fla., for defendants.

## ORDER

SHOOB, District Judge.

By Order dated September 22, 1988, the Court requested additional briefs from the parties in this securities case. Disagreements regarding how to reconcile the law with the jury's verdicts prompted the Court to take a closer look at the facts and the law surrounding this situation. After a careful review of the evidence, briefs and case law, the Court hereby renders its final judgment in this action.

The first issue addressed by the supplemental briefs is whether the Court should vacate the jury's award of punitive damages and attorneys fees against the Peterson Wealth Management Companies ("Wealth") and Phoenix Financial Corporation ("Phoenix"). Plaintiffs argue that the awards should be upheld or a new trial on the issue of damages should be granted. The Court cannot agree with plaintiffs' arguments.

■ Plaintiffs argue that, because there is a conflict in the verdict, Rule 49(b), F.R.C.P., requires the Court to attempt to reconcile the inconsistencies and, if they are irreconcilable, to grant a new trial on the issues for which the inconsistent verdict was rendered. The test employed in determining whether a conflict in the verdict can be reconciled is "whether the answers may fairly be said to represent a logical and probable decision on the relevant issues as submitted....". *Griffin v. Matherne,* 471

F.2d 911, 915 (5th Cir.1973). However, if the jury's answers are so ambiguous or conflicting that they cannot be reconciled fairly, the trial court may not enter judgment thereon. *Burger King Corp. v. Mason,* 710 F.2d 1480, 1489 (11th Cir.1983) (citation omitted).

■ In this case, however, it was perfectly logical for the jury to decide that defendants' breach of fiduciary duty did not cause plaintiffs any monetary damages but that defendants should be deterred from acting similarly in the future. But the law says that no punitive damages may be awarded when no actual or compensatory damages have been awarded. *Daiss v. Woodbury,* 163 Ga.App. 88, 293 S.E.2d 876 (1982). Therefore, it is not a question of resolving inconsistencies in the jury's logic but in reconciling the law with the verdict. In this case Rule 49(b) does not require a new trial. The only action the Court can take is to strike the award of punitive damages against Phoenix and Wealth.

Regardless of whether the verdict was inconsistent, plaintiffs argue that they may be awarded either punitive damages or attorneys fees or both when the jury has failed to award actual or compensatory damages against the specific defendant. Georgia law defines punitive damages as "additional damages," which presupposes the award of initial damages. Attorneys fees, on the other hand, may be awarded in the absence of an award of compensatory damages. *Sheppard v. Tribble Heating & Air Conditioning, Inc.,* 163 Ga.App. 732, 294 S.E.2d 572 (1982).[1] But an award of punitive damages is not supported by an award of attorneys fees. *Cleary v. Southern Motors of Savannah, Inc.,* 142 Ga.App. 163, 164, 235 S.E.2d 623 (1977). Therefore, the Court will strike the award

---

1. There appears to be a conflict as to whether attorneys fees may be awarded when no compensatory damages have been awarded. In *Herrli Homes, Inc. v. Roon,* 175 Ga.App. 85, 87, 332 S.E.2d 379 (1985), the Georgia Court of Appeals stated that "[a] plaintiff must recover other elements of damage before he can recover expenses of litigation." But in that case the court reversed an order granting summary judgment and determined that attorneys fees could not be awarded because the merits of the case had not been resolved. In this case it appears fully consistent that the jury would choose to award plaintiffs attorneys fees for having to prosecute the action even though they could not prove any actual damages.

of punitive damages and will discuss the award of attorneys fees below.

■ Attorneys fees may be recovered under Georgia law when the jury finds that a defendant "has acted in bad faith in making the contract, has been stubbornly litigious, or has caused plaintiff unnecessary trouble and expense." O.C.G.A. § 13–6–11. The jury did find that defendants Phoenix and Wealth breached a fiduciary duty to plaintiffs. Given that finding, the Court cannot say that no reasonable jury could have determined at least one of the requirements for awarding attorneys fees. *ADP–Financial Computer Services, Inc. v. First National Bank of Cobb County*, 703 F.2d 1261 (11th Cir.1983). Therefore, the Court will allow the verdict of $25,000 in attorneys fees against Wealth and Phoenix.

The next issue before the Court is whether the award against the Peterson Wealth Management Company is tantamount to an award against Chandler Peterson individually. In support of their argument that there was a general understanding that Wealth was a sole proprietorship and therefore that any judgment against it would automatically be against Chandler Peterson also, plaintiffs point to a conversation between their attorney and the Court regarding giving the jury separate verdict forms for its verdicts against Chandler Peterson and against Wealth. *See* pp. 11–12, plaintiffs' Brief Regarding Entry of Final Judgment. Defendants did not object to the Court's statement that, although the verdict forms would be separate, any judgment against Wealth "could be worded as Chandler Peterson, d/b/a." *Id.* Although the Court will not go so far as to say that the parties stipulated to this effect, it was clear at trial that any actions taken by Wealth necessarily had to be considered to be actions by Chandler Peterson but that any actions taken by Chandler Peterson were not necessarily attributable to Wealth. Therefore, the judgment will award attorneys fees against Chandler Peterson d/b/a the Peterson Wealth Management Company.

■ Third, the Court requested guidance on whether the judgment should include prejudgment interest on the amount owed by Capital Sunbelt Investments, Inc. ("CSI") and, if so, in what amount. CSI does not deny that prejudgment interest should be paid; it merely asserts that it should not be charged sixteen percent interest as plaintiffs argue was provided by the contract. The Court agrees with defendant. The letter and offering circular promise an expectation of sixteen percent return on the investment. *See* Exhibit A to plaintiffs' Brief Regarding Entry of Final Judgment. There is no contract guaranteeing such a high rate of return. Therefore, the Court will award prejudgment interest in the amount provided by law in O.C.G.A. § 7–4–2(a)(1)(A). Prejudgment interest will be paid from October 25, 1985 to the date of judgment.

Postjudgment interest will be paid at the rate allowed under 28 U.S.C. § 1961 on the principal debt only. *G.M. Brod & Co. v. U.S. Home Corp.*, 759 F.2d 1526 (11th Cir. 1985).

CSI next argues that the jury's award of attorneys fees and the costs of this litigation should not be taxed against them, and, if they are so taxed, that they should not be taxed after the offer of judgment was made. First, the Court will not set aside the jury's award of attorneys fees. The Court will not second-guess the jury's findings because it is possible that the jury determined that the Capital defendants' actions were taken in bad faith or that their actions put plaintiffs to unnecessary trouble or expense in having to bring the lawsuit. The Court agrees that there is insufficient evidence that the Capital defendants were stubbornly litigious in light of their February 1987 offer of judgment.

The problem arises, however, with the offers of judgment made in February 1987. Those offers suggested a settlement for $174,551.43, over $500 more than the jury verdict. The additional amount disputed was costs and attorneys fees. The offer of judgment included an offer for "costs then accrued," which in this case will not be

interpreted to include an offer to pay attorneys fees up to the point of the offer.

According to the Supreme Court in *Marek v. Chesny*, 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985), "where the underlying statute defines 'costs' to include attorney's fees, ... such fees are to be included as costs for purposes of Rule 68." *Id.* at 7, 105 S.Ct. at 3015. In this case, there is no applicable statute which provides for an award of attorneys fees as part of the costs of litigation. Under the Georgia Code a party must prove bad faith, stubborn litigiousness or undue trouble or expense to recover attorneys fees. O.C.G.A. §§ 9–15–1, 13–6–11. Therefore, the question becomes whether the offer as made was greater than the verdict rendered. Although the Court does not have specific figures before it, it has no doubt that the jury's award of $65,000 in fees in addition to the damages awarded was greater than CSI's offer of damages plus costs incurred over six months before trial. *See generally, Crossman v. Marcoccio*, 806 F.2d 329 (1st Cir.1986); *Grosvenor v. Brienen*, 801 F.2d 944 (7th Cir.1986). Therefore, plaintiffs may recover of defendant CSI their costs incurred in this action and attorneys fees of $65,000.

IT IS HEREBY ORDERED AND ADJUDGED:

That plaintiffs take nothing and the action be dismissed on the merits as to Ryan B. Smith, Capital Sunbelt Investments Group, Inc. and Capital Sunbelt Securities, Inc.

That plaintiffs shall recover $25,000 in attorneys fees against both defendants Phoenix Financial Corporation and Chandler Peterson d/b/a the Peterson Wealth Management Companies, but that the award of punitive damages be struck because the jury's verdict was inconsistent and defective in awarding punitive damages against these defendants while finding that there were no actual damages resulting from their alleged breach of fiduciary duty.

That plaintiffs shall recover of defendant Capital Sunbelt Investments, Inc. the sum of $174,000, with prejudgment interest at the rate of seven percent and postjudgment interest at the legal rate from October 1, 1985 until payment is made, and that plaintiffs shall recover attorneys fees in the amount of $65,000 plus their costs of this action.

That defendants Phoenix Financial Corporation, J. Chandler Peterson, The Peterson Wealth Management Companies and Ryan B. Smith take nothing on their cross-claims for contribution and indemnity against Capital Sunbelt Investments, Inc., Capital Sunbelt Securities, Inc., Capital Sunbelt Investments Group, Inc., Douglas W. English and Robert C. Madden and that the action be dismissed on the merits as to the cross-claim defendants.

That the parties bear their own costs in this action except for the recoveries previously allowed.