A89A0593, A89A0594. BORG-WARNER ACCEPTANCE CORPORATION v. VALENTINE ASSOCIATES LIMITED CORPORATION; and vice versa.

(384 SE2d 223)

BENHAM, Judge.

Appellant Borg-Warner Acceptance Corporation (Borg-Warner) seeks reversal of the summary judgment denied it and granted to appellee Valentine Associates Limited Corporation (Valentine) in Valentine's action alleging Borg-Warner's unjust enrichment. Valentine cross-appeals, contending that the trial court erred in granting Borg-Warner's motion for summary judgment with respect to Valentine's claim for attorney fees, thereby denying Valentine the attorney fees it sought pursuant to OCGA § 13-6-11. In the interest of judicial economy, we have consolidated the two appeals.

The facts, simply stated, are as follows: Appellant Borg-Warner finances mobile homes for dealers, and did so for Rutherford Mobile Homes (Rutherford). Borg-Warner provided "floor-plan financing" for Rutherford, and by agreement Rutherford acquired mobile homes for its inventory while Borg-Warner held security interests in and secured present and future advances for that inventory, thus allowing Rutherford to sell its merchandise to the public. A Catalina mobile home (Catalina) was included in Rutherford's inventory, and Borg-Warner held a valid, perfected security interest in the unit. Appellee Valentine purchases mobile home retail installment sales contracts from retail dealers, including Rutherford. A Rutherford customer bought the Catalina, but before the sale became final, the customer rescinded the contract and did not take delivery of the unit. Valen-

tine, not knowing of the rescission, paid Borg-Warner $23,050 on Rutherford's behalf as a contract payoff for the Catalina, which was still a part of Rutherford's inventory. When Valentine discovered that the sale to Rutherford's customer had not been consummated, it issued a stop payment order on the $23,050 check, but Borg-Warner had already deposited it. Several months later, Rutherford defaulted on its other obligations to Borg-Warner, which repossessed all of Rutherford's inventory including the Catalina, although Borg-Warner still retained the $23,050 that Valentine had paid it for the Catalina. The assets Borg-Warner obtained in the repossession were insufficient to satisfy the debt Rutherford owed to Borg-Warner. Valentine sued Borg-Warner for unjust enrichment as to the $23,050 and, alternatively, for a constructive trust of the Catalina. After discovery, Borg-Warner moved for summary judgment, claiming that Valentine was negligent in its handling of the transaction and that pursuant to OCGA § 11-9-312 (3), Borg-Warner was merely enforcing its rights as a secured creditor with priority over the Catalina as part of the repossessed inventory and proceeds. The trial court ruled in favor of Valentine and against Borg-Warner on the unjust enrichment issue, and against Valentine on its claim for attorney fees. We find no error.

1. Borg-Warner's claim that under OCGA § 11-9-312 (3) it is allowed to retain the Catalina and the $23,050 that Valentine paid for the Catalina is unsound. In setting out the priorities among conflicting security interests in the same collateral, § 11-9-312 (3) states, "A perfected purchase money security interest in inventory has priority over a conflicting security interest in the same inventory and also has priority in identifiable cash proceeds received on or before the delivery of the inventory to a buyer if [certain conditions are met.]" "Goods are 'inventory' if they are held by a person who holds them for sale or lease or to be furnished under contracts of service. . . ." OCGA § 11-9-109 (4). "Proceeds" of inventory is "whatever is received upon the sale, exchange, collection, or other disposition of collateral. . . ." OCGA § 11-9-306 (1). Under the statutory definitions, the Catalina was inventory at the time of repossession since it was being held for sale or lease. Borg-Warner was not entitled to retain the $23,050, which would have been the "identifiable cash proceeds" of the Catalina if the intended consumer sale had been consummated, because no sale, exchange, collection or other disposition of the collateral actually occurred. Borg-Warner was entitled to retain either the Catalina as inventory or the proceeds from the Catalina sale if it had been completed, but not both. Without a "sale, exchange, collection or other disposition" related to it, the $23,050 payment did not become proceeds, but was merely an erroneous payment made to Borg-Warner, one that the company was obligated to repay Valentine once it took possession of the Catalina. Having failed to make the repay-

ment, Borg-Warner was unjustly enriched thereby, notwithstanding Valentine's failure to perfect its security interest in the trailer. The trial court correctly ruled in Valentine's favor and against Borg-Warner on the unjust enrichment issue.

2. Appellant's contention that the trial court committed reversible error by reaching its decision without reviewing the depositions is without merit. Appellant apparently believes that the trial court did not review the depositions, which had been filed before the trial court ruled on the motions, because the record includes an order, filed after the final judgment, which directs the clerk of court to unseal the depositions for transmittal to this court. However, the trial court specifically states in its final judgment that it considered the pleadings, admissions, depositions, briefs, and the record in its entirety. This was a sufficient showing of review of the documents even if the depositions had still been sealed, and so there is no error. *Smith v. Jones*, 154 Ga. App. 629 (1) (269 SE2d 471) (1980).

3. Valentine's claim for attorney fees and expenses of litigation, which the trial court rejected, was based on the "stubbornly litigious" provision of OCGA § 13-6-11. "Recovery of attorney fees for stubborn litigiousness is not authorized where there is a bona fide controversy. [Cits.]" *Bayliner Marine Corp. v. Prance*, 159 Ga. App. 456, 461 (283 SE2d 676) (1981). Valentine contends that there was no bona fide controversy because Borg-Warner's agent told Valentine's agent that the payoff money would be returned if the mobile home had not been delivered to the purchaser or used as a residence; and that in spite of the conditions having been met, Borg-Warner refused to return the money. A review of the record shows that Borg-Warner's agent, Mr. Kennedy, acknowledged that the Catalina had not been delivered or used; that he told Valentine's agent he had "no problems" with returning the money, but that his legal counsel had advised him differently; that he could not re-floor the unit and return the money; and that he suggested to Valentine's agent that Valentine stop payment on the check. It does not appear from the record that Borg-Warner was being stubbornly litigious; it was merely relying on the advice of its legal counsel. There was a bona fide controversy, although it was not resolved in Borg-Warner's favor, and so an award of attorney fees would have been improper. *Bayliner Marine Corp.*, supra. The trial court ruled correctly with respect to the issue of fees.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED JUNE 29, 1989.

*Churchill & Ferguson, Glenn A. Delk, Richard A. Kaye*, for appellant.

*Boyce, Thompson & O'Brien, R. Michael Thompson, J. Patrick O'Brien, William M. Coolidge III*, for appellee.