## A90A0838. CAPITAL BANK v. CHAMBERS et al.
### (397 SE2d 149)

BEASLEY, Judge.

The appellees brought suit seeking to enjoin the violation of a restrictive covenant by the operation of a day care business in their subdivision, and also to recover damages from the bank for selling the property without reference to the covenant. Denial of injunctive relief was reversed in *Chambers v. Gallaher*, 257 Ga. 795 (364 SE2d 576) (1988). The case proceeded to trial pursuant to a pretrial order stating that plaintiffs sought to recover damages for diminution in value of their respective homes, punitive damages for the deliberate breach of contract by the bank, and attorney fees and expenses of litigation.

At trial the appellees' attorney conceded that "the claim for property damages is over" because the homeowners who were operating the day care center had moved out of the neighborhood. The bank moved for directed verdict, asserting that appellees could not recover attorney fees and expenses of litigation because they had established no claim against the bank and were not entitled to recover the compensatory and punitive damages originally sought. Appellees argued that since a tort had occurred they were entitled to nominal damages together with costs of litigation. The motion was denied. No instructions were given the jury in regard to awarding nominal damages, but no objection was made to the charge. The jury returned a verdict in the amount of $16,300 against the bank and the former homeowners, assessing one-half to each, and the trial court entered judgment against them jointly and severally for that amount. The bank appeals.

The rule controlling is that "[a] plaintiff must recover other elements of damage before he can recover expenses of litigation. [Cits.]" *Herrli Homes v. Roon*, 175 Ga. App. 85, 87 (3) (332 SE2d 379) (1985). Accord *Cleary v. Southern Motors of Savannah*, 142 Ga. App. 163, 165 (1) (235 SE2d 623) (1977); *Pate v. Milford A. Scott Real Estate Co.*, 132 Ga. App. 49, 52 (4) (207 SE2d 567) (1974). The Supreme Court held that the subdivision was entitled to injunctive relief against the former homeowners for operating "a family day care home" in their house in violation of the restrictive covenant. *Chambers v. Gallaher*, supra at 796. No award of attorney fees and expenses of litigation was or is authorized against the bank on that basis. See *Adams v. Cowart*, 224 Ga. 210 (6) (160 SE2d 805) (1968). Although nominal damages could have been sought, the jury was instructed only that it could award damages for attorney fees and expenses of litigation. Thus the verdict cannot be construed as including an award of nominal damages to support the recovery of legal fees. Accordingly, the judgment awarding them was unauthorized and is reversed. *Herrli Homes v. Roon*, supra.

*Judgment reversed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 4, 1990 —
REHEARING DENIED SEPTEMBER 19, 1990 — CERT. APPLIED FOR.

*Gearhiser, Peters & Horton, Robert L. Lockaby, Jr.*, for appellant.

*Gleason & Davis, David J. Dunn, Jr., John W. Davis, Jr., G. M. Adcock*, for appellees.